Michael **LEWIS**, Respondent,

v.

**TREASURER, STATE OF MISSOURI,**
**as custodian of Second Injury**
**Fund, Respondent,**

**Willamette Industries, Inc., Appellant.**

**No. 63133.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 28, 1993.

Mark R. Rudoff, Cheryl McMahon, St. Louis, for appellant.

Nile D. Griffiths, St. Louis, for respondent Lewis.

Jeremiah W. (Jay) Nixon, Atty. Gen., Maria W. Campbell, Asst. Atty. Gen., Jefferson City, for respondent Treasurer.

KAROHL, Judge.

The Division of Workers' Compensation ordered employer Willamette Industries to provide back surgery and temporary disability benefits to claimant Michael Lewis for a back injury from a fall which occurred on August 6, 1991. Employer appeals the Labor and Industrial Relations Commission's orders dismissing its June 30, 1992 application for review and September 17, 1992 "re-application for review." We dismiss this appeal.

A recitation of the evidence is unnecessary for the resolution of a jurisdictional defect. The employer did not deny a work-related fall. Employer and insurer stipulated that claimant sustained an accident arising out of and in the course of employment. Only the extent of disability stemming from the incident and medical care needed are in dispute. The award was made on June 17, 1992, and was prefaced with the following language. "This award is only temporary or partial, is subject to further order, and the proceedings are hereby continued and the case kept open until a final award can be made. If this award be not [complied] with, the amount hereof may be doubled in the final award, if such final award is in accordance herewith." The actual compensation award was phrased, "Employer is ordered to provide surgery as recommended by Drs. Burkus, Lange and Robson and ordered to pay Temporary total disability and/or temporary partial disability from date of surgery until released by healing doctor."

Employer's first application for review filed with the Labor and Industrial Relations Commission on June 30 following the June 17, 1992 award, contained the following allegations:

1. The Administrative Law Judge erroneously concluded that a medical causal relationship existed between the accident as alleged and the need for re-fusion surgery.

2. The award of further medical care is against the weight of the medical evidence adduced at the hearing.

3. The award of future temporary total disability is against the weight of the medical evidence adduced at the hearing.

4. The testimony of claimant was not credible and was contrary to the testimony of all the other witnesses adduced at the hearing.

The commission responded by dismissing the application on August 28, 1992. It relied on Commission Rule 8 CSR 20–3.040 which provides:

(1) Whenever an administrative law judge issues a temporary or partial award, under section 287.510 RSMo, the same shall not be considered to be a final award from which an application for review may be made. The time for making an application for review shall not commence until a final award is issued by an administrative law judge in cases where a temporary or partial award has been issued.

(2) Any party who feels aggrieved by the issuance of a temporary or partial award by any administrative law judge may petition the commission to review the evidence upon the ground that the applicant is not liable for the payment of *any* compensation. The commission will not consider applications or petitioners for the review of temporary or partial awards where the only contention is as to the extent or duration of the disability of the employee for the reason that the administrative law judge has not made a final award and determination of the extent or duration of disability. (Our emphasis).

The Commission construes [8 CSR 20–3.040] as requiring an allegation that the employer/insurer deny *all* liability, not just liability for the temporary portion of the award. The Commission having fully considered the Application for Review filed in this cause and pursuant to the above-cited rule finds it inappropriate at this time to review the temporary or partial award issued by the administrative law judge. Wherefore, the Commission finds that said Application for Review of the Temporary or Partial Award, must be and is hereby dismissed.

On September 17, 1992, employer filed a modified Application for Review with the commission, inserting "RE–" before the form heading, and alleging for the first time:

[T]he Commission dismissal of the Application for Review of the Temporary or Partial award issued ... on June 17, 1992, was erroneous for the following reason:

1) Said award was procured by fraud.

The commission found the "re-application for review" untimely. Section 287.480 RSMo 1986, provides for review by the commission if a request is filed within 20 days from the date of the award. The September filing was directed at a June 17 temporary award. The commission concluded there is no provision for a second application filed more than twenty days after the award. Therefore, the commission was without jurisdiction. It so ruled. Employer filed a notice of appeal to this court on December 3, 1992.

The right of appeal is statutory. Our authority to review actions of the commission is derived from § 287.495 RSMo 1986 which provides, in part:

The final award of the commission shall be conclusive and binding unless either party to the dispute shall, within *thirty days* from the date of the *final award,* appeal the award to the appellate court.... The court, on appeal, shall review only questions of law and may modify, reverse, remand for rehearing, or set aside the award upon any of the following grounds and no other:

(1) That the commission acted without or in excess of its powers;

(2) That the award was procured by fraud;

(3) That the facts found by the commission do not support the award;

(4) That there was not sufficient competent evidence in the record to warrant the making of the award. Section 287.495.1 RSMo 1986. (Our emphasis).

■ We hold the award is either not an appealable final judgment *or* the appeal was not timely filed. In either event, we do not have appeal jurisdiction. The law judge labeled the award temporary and commission Rule 8 CSR 20–3.040 withholds review for temporary awards. But, § 287.495 RSMo 1986 authorizes appeals from the commission to this court only for final awards. We are not bound by the law judge label of temporary or the commission's Rule or decision. The legal effect of the ruling is a question of law. However, in this appeal we do not decide whether the award is temporary or final for purposes of appeal. This court recently held a similar workers compensation award was a temporary award and not appealable for that reason. *Blanford v. Robinett's Motor and Truck Service, Inc.,* 865 S.W.2d 874 (Mo.App.E.D.1993).

■ If we assume, as employer argues, the June award is a "final" award for purposes of review by the commission and appeal to the court, then the appeal is untimely. The commission dismissed the first application for review on August 28, 1992. The Notice of Appeal from that order was untimely filed on December 3, 1992. Section 287.495 RSMo allows only thirty days. The re-application was filed more than twenty days after the award. It was denied by the commission on November 4, 1992, because it was untimely under § 287.480 RSMo 1986. The new issue in the re-application, fraud, was therefore not reached or decided because it was not included in a timely application for review. The denial of the re-application was not denied on the basis of the June award was temporary.

Claimant's issues on appeal are directed only at the August 28, 1992 decision. Hence, if the award for medical care is "final" the appeal was filed too late to vest jurisdiction.

We decide only the absence of jurisdiction question on the basis of alternative possibilities, one of which must apply. The substantive issues regarding the nature of the award and a constitutional violation are expressly not reached.

Appeal dismissed.

CRANE, P.J., and CRAHAN, J., concur.