John BLANFORD, Employee/Respondent,

v.

ROBINETT'S MOTOR AND TRUCK SERVICE, INC., Employer/Appellant,

and

The Truck Insurance Exchange c/o Farmers Insurance Group, Insurer/Appellant.

No. 63956.

Missouri Court of Appeals, Eastern District, Division Three.

Nov. 30, 1993.

Paul D. Huck, Clayton, for appellant.

Daniel A. Raniere, St. Louis, for respondent.

STEPHAN, Judge.

This is an appeal from a denial by the Labor and Industrial Relations Commission ("Commission") on employer's/insurer's Petition for Review of Temporary or Partial Award. We dismiss the appeal.

In April, 1991, John Blanford ("claimant") filed a claim for compensation under the Missouri Workers' Compensation Act against Robinett's Motor and Truck Service, Inc. ("employer") and The Truck Insurance Exchange, a division of Farmers Insurance Group ("insurer"). Claimant additionally named the Second Injury Fund as a co-defendant.

The case went to trial before an Administrative Law Judge ("ALJ") on January 4, 1993. However, it was agreed by all parties prior to the trial that only the claimant and employer/insurer would go to trial on the following issues: temporary total disability, medical causation and future medical treatment and "that the issues would be limited for purposes of a Temporary Award." The Second Injury Fund was granted a continuance on the issues pertaining to it.

On March 5, 1993, the ALJ issued findings of fact and rulings of law. The ALJ found that the claimant had been "temporarily and totally disabled" and that "without surgical intervention, claimant is permanently disabled." He ordered the employer to "pay temporary total disability benefits until ... [it can be] determine[d] claimant can return to work or that he has reached maximum medical improvement." The award is designated as a "Temporary or Partial Award" and in the body of the award the parties are informed of the following:

> This award is only temporary or partial, is subject to further order, and the proceedings are hereby continued and the case kept open until a final award can be made.

On March 22, 1993, employer/insurer Petitioned For Review of Temporary or Partial Award to the Commission. On April 15, 1993, the Commission dismissed employer's/insurer's petition pursuant to 8 CSR 20–3.040 which provides that whenever an ALJ issues a temporary or partial award, the award shall not be considered to be a final award from which an application for review may be made. Additionally, 8 CSR 20–3.040 further provides that "Any party who feels aggrieved by the issuance of a temporary or partial award by any administrative law judge may petition the commission to review

the evidence upon the ground that the applicant is not liable for the payment of any compensation.... " The Commission's order went on to state:

> The Commission construes the above rule [8 CSR 20–3.040] as requiring an allegation that the employer/insurer deny *all* liability, not just liability for the temporary portion of the award. The rule also is not intended to allow review of the nature and extent of a temporary award. The Commission having fully considered the Application for Review filed in this cause and pursuant to the above-cited rule finds it inappropriate at this time to review the temporary or partial award issued by the administrative law judge. Wherefore, the Commission finds that Employee's Motion to Dismiss be granted and said Application for Review of the Temporary or Partial Award must be and is hereby dismissed. (Emphasis in original).

Employer/Insurer appeals the Commission's dismissal of their Petition for Review on the following grounds: (1) that this court has jurisdiction because the order issued by the Commission dismissing the petition for review is a final administrative decision foreclosing the employer's/insurer's statutory right to appeal; and, (2) that the Commission erred in dismissing the employer's/insurer's application for review because it refused to exercise power and authority imposed on it by law.

■ Claimant filed a motion to dismiss the appeal which was taken with the case. He contends that the ALJ's award is a temporary or partial award and thus not a final award for purposes of appeal. Therefore, he argues this appeal should be dismissed. We agree.

■ Section 287.495 RSMo 1986 states that the "final award of the commission shall be conclusive and binding ... within thirty days from the date of the final award.... " Finality is found when the agency arrives at a terminal, complete resolution of the case before it. *Dore & Assoc. Contr. v. Dept. of Labor,* 810 S.W.2d 72, 75–76 (Mo.App.1990).

An order lacks finality in this sense where it remains tentative, provisional, or contingent, subject to recall, revision or reconsideration by the issuing agency. *Id.* A final award is one which disposes of the entire controversy between the parties. *Boatner v. Slusher, Inc.,* 614 S.W.2d 35, 36 (Mo.App.1981).

The decisions appealable in workers' compensation proceedings are only those expressly declared to be appealable by statute. Section 287.490 RSMo 1986; *Boatner, supra.* There is not a statutory authorization for appeals of temporary or partial awards. *Id.*

However, employer/insurer was not without recourse. In *Woodburn v. May Distributing Co.,* 815 S.W.2d 477 (Mo.App.1991), our brethren in the Southern District determined that pursuant to 8 CSR 20–3.040(2) an employer/insurer is afforded the opportunity to appeal a temporary or partial award of the ALJ to the Commission "to review the evidence upon the ground that the applicant is not liable for the payment of any compensation setting forth the grounds for the basis of such contention and where the evidence fails to support the findings of the administrative law judge as to liability for the payment of compensation.... " However, employer/insurer did not do so in this case. Employer/insurer did not appeal the temporary or partial on the grounds that they are not liable for payment of any compensation.

Here, the ALJ's award is a temporary or partial award, not a final award in that further medical evaluation is still pending.

■ Employer's/insurer's right to appeal attaches only when a final order is rendered or pursuant to 8 CSR 20–3.040(2). Employer's/insurer's appeal is premature.

The Commission was correct in dismissing employer's/insurer's Petition for Review where the ALJ's order was not final. Under these circumstances, we must dismiss this appeal for the same reason.

The appeal is dismissed.

SIMON, P.J., and PUDLOWSKI, J., concur.