Paul LEWIS, Employee/Respondent,

v.

CONTAINER PORT GROUP,
Employer/Appellant,

and

Employers' Insurance of Wausau,
Insurer/Appellant.

No. 64708.

Missouri Court of Appeals,
Eastern District,
Division Two.

March 15, 1994.

Ernest F. Brasier, Law Office of Mark R. Rudoff, St. Louis, for employer-appellant.

Burton A. Librach, Librach & Rothman, Clayton, for employee-respondent.

CRANE, Presiding Judge.

Employer/insurer appeals from the Labor and Industrial Relations Commission's order dismissing employer/insurer's Application for Review of Temporary or Partial Award. We dismiss this appeal for lack of jurisdiction.

On April 27, 1990 claimant, Paul Lewis, an independent tractor-trailer driver, was injured while driving a truck for employer,

Container Port Group. In June, 1990 claimant filed a claim for compensation under the Missouri Workers' Compensation Act against employer and insurer, Wausau Insurance Co., for injuries to his "back, right knee, headaches, neck & nervous."

An Administrative Law Judge (ALJ) heard this claim on June 8, 1992. The parties agreed that the disputed issues at the hearing were: medical causation, future medical care, nature and extent of temporary total disability, and nature and extent of permanent partial disability.

On September 2, 1992, the ALJ issued a "Temporary or Partial Award," which recited in part:

This award is only temporary or partial, is subject to further order, and the proceedings are hereby continued and the case kept open until a final award can be made.

The ALJ found that claimant's low back, neck and right knee injuries and his symptoms of Post Traumatic Stress Disorder were caused by the April 27, 1990 accident, but that his headaches and vision problems were not caused by the accident. She found that claimant was suffering from Obstructive Sleep Apnea and that it was aggravated or accelerated by the accident. She found that claimant was paid temporary total disability benefits from the date of the accident through August 2, 1990 and that he was no longer entitled to further benefits for the low back, neck and right knee injuries or for the Post Traumatic Stress Disorder.

She further found that claimant is "temporarily totally disabled as a result of his Ob-structive Sleep Apnea." She ordered the employer to pay temporary total disability benefits from December 10, 1990 to the time of the award and for an undetermined number of additional weeks. Because of the need for ongoing treatment, the ALJ found she could not determine the extent of permanent partial disability.

On September 16, 1992 employer/insurer filed an Application For Review with the Commission. In the Application for Review, employer/insurer alleged that the ALJ's award was erroneous because: .

Although [Claimant's obstructive sleep apnea] may have been mildly aggravated by the accident, the accident did not cause claimant's obstructive sleep apnea, nor did the accident cause claimant's obstructive sleep apnea to escalate to the level of disability. Claimant's obstructive sleep apnea would have progressed to its present, disabling severity had claimant not been in the accident.

On September 13, 1993 the Commission dismissed employer's/insurer's Application for Review pursuant to 8 CSR 20–3.040[1] because it found that "The employer/insurer are not denying any and all liability, just that portion of the award which pertains to sleep apnea." The Commission's order went on to state:

The Commission construes the above rule [8 CSR 20–3.040] as requiring an allegation that the employer/insurer deny all liability, not just liability for a portion of the award. The rule also is not intended to allow review of the nature and extent of

---

1. 8 CSR 20–3.040 provides as follows:

**8 CSR 20–3.040 Temporary or Partial Awards** PURPOSE: This rule specifies when an application to review a temporary or partial award may be filed.

(1) Whenever an administrative law judge issues a temporary or partial award under section 287.510, RSMo, the same shall not be considered to be a final award from which an application for review (see 8 CSR 20–3.030) may be made. The time for making an application for review shall not commence until a final award is issued by the administrative law judge in cases where a temporary or partial award has been issued.

(2) Any party who feels aggrieved by the issuance of a temporary or partial award by any administrative law judge may petition the commission to review the evidence upon the ground that the applicant is not liable for the payment of any compensation and especially setting forth the grounds for the basis of that contention and where the evidence fails to support findings of the administrative law judge as to liability for the payment of compensation. The commission will not consider applications or petitions for the review of temporary or partial awards where the only contention is as to the extent or duration of the disability of the employee for the reason that the administrative law judge has not made a final award and determination of the extent or duration of disability.

a temporary award. The Commission having fully considered the Application for Review filed in this cause and pursuant to the above-cited rule finds it inappropriate at this time to review the temporary or partial award issued by the administrative law judge. Wherefore, the Commission finds that said Application for Review of the Temporary or Partial Award must be and is hereby dismissed. The cause is remanded to the Division of Workers' Compensation for any further proceedings as are necessary. (Emphasis in original).

■ Claimant urges that we have no jurisdiction to review the Commission's action because it has not issued a final award. We agree.

Here, the ALJ made a temporary or partial award, for temporary total disability benefits, leaving open the determination of the extent of permanent partial disability. Section 287.510, RSMo 1986, provides for temporary or partial awards which may be modified and may be kept open until a final award can be made.

■ The decisions appealable in workers' compensation proceedings are only those expressly declared to be appealable by statute. *Blanford v. Robinett's Motor and Truck Service, Inc.*, 865 S.W.2d 874, 876 (Mo.App. 1993). The Missouri constitution, art. 5, § 18 provides that all *final* decisions of administrative officers or bodies are subject to direct judicial review. Section 287.495, RSMo 1986, provides that the *final* awards of the Commission may be appealed to the Missouri court of appeals.

■ Finality is found when the agency arrives at a terminal, complete resolution of the case before it. *Blanford*, 865 S.W.2d at 876. An order lacks finality in this sense where it remains tentative, provisional, or contingent, subject to recall, revision or reconsideration by the issuing agency. *Id.* A final award is one which disposes of the entire controversy between the parties. *Id.*

There is no statutory authorization to appeal the Commission's orders dismissing applications for review of temporary or partial awards. Further, the dismissal order is not a final order because it does not completely

resolve the case before it. The matter is still pending before the ALJ until a final award can be made. The temporary award is by its terms subject to further order.

Employer/insurer does not dispute that the ALJ's ruling on the temporary award remains subject to modification, either by the ALJ in the final award or by the Commission on review of such a final award. Rather, employer/insurer essentially takes the position that the Commission's refusal to step in and review the award now puts employer/insurer in an impossible position that, as a practical matter, prevents it from obtaining meaningful judicial review of the final award. According to employer/insurer, this is because it must either refuse to pay, subjecting it to the potential doubling penalty set forth in § 287.510 RSMo 1986 if the temporary award is ultimately upheld, or pay the award as ordered, including all ongoing medical bills, without any realistic possibility of recoupment if the temporary award is ultimately reversed. From these premises, employer/insurer reason that 8 CSR 20–3.040 must be deemed unconstitutional because it violates Article 2, § 1 of the Missouri Constitution relating to separation of powers and Article 5, § 18 of the Missouri Constitution, which provides for direct review of final administrative decisions by the courts. We decline to review this constitutional challenge in the absence of jurisdiction and a fully developed record on the issues raised.

Accordingly, we hold that we do not have jurisdiction to review the Commission's order dismissing the Application for Review and dismiss the appeal. Claimant's request for sanctions for frivolous appeal is denied.

KAROHL, J., concurs.

CRAHAN, J., concurs and files separate concurring opinion.

CRAHAN, Judge, concurring.

I concur fully in the principal opinion. The constitutional challenges raised by employer/insurer are not properly before us in this appeal and we express no opinion thereon. There are legal avenues available for challenging the Commission's rule and mak-

ing a proper record upon which to mount a constitutional challenge. The Commission is not a party to this appeal and thus is not in a position to defend its rule. Nor does the record before us in this appeal establish that the practical consequences of the Commission's rule are as portrayed by employer/insurer. For these reasons, in addition to those expressed in the principal opinion, I concur.