**Patricia S. HILLENBURG,**
**Employee–Respondent,**

**v.**

**LESTER E. COX MEDICAL CENTER,**
**Employer–Appellant.**

**No. 18758.**

Missouri Court of Appeals,
Southern District,
Division Two.

May 23, 1994.

Motion for Rehearing or Transfer
Denied June 14, 1994.

Application to Transfer Denied
Aug. 15, 1994.

David F. Sullivan, Schmidt, Kirby & Sullivan, P.C., Springfield, for employer-appellant.

Patrick J. Platter, Daniel, Clampett, Lilley, Dalton, Powell & Cunningham, Springfield, for employee-respondent.

GARRISON, Judge.

Lester E. Cox Medical Center (Employer) appeals from the finding of the Labor and Industrial Relations Commission (Commis-sion) by which it affirmed a "Temporary or Partial Award" entered by an Administrative Law Judge (ALJ) in favor of Patricia Hillenburg (Employee).

## FACTS

Employee worked as a nurse assistant at one of Employer's two hospitals. While working on the weekend of July 13–14, 1991, Employee began experiencing pain in her left leg after catching a patient to prevent her from falling. According to her testimony, she thought she had a strain, which was not unusual in that kind of work. By the time she went home following work on July 14, she was unable to get out of the car without assistance in moving her left leg.

Employee knew that according to Employer's policy she was to go to the emergency room at Employer's hospital for treatment in the event of a work-related injury. Likewise, she knew she was supposed to make an incident report if she was hurt on the job. She did neither, but rather, at the first of the following week she went to her own physician who prescribed muscle relaxants. She returned the following day with continued complaints of pain and her doctor referred her to an orthopedic surgeon, who in turn admitted her to Employer's hospital on Thursday, July 18. She was diagnosed with a lateral disc herniation at L5–S1 and surgery was performed the following Wednesday, July 24.

Employee testified that she continues with pain in her low back, left hip and leg. An orthopedic surgeon in St. Louis has diagnosed an additional disc herniation at L4–L5 and has recommended further surgery when Employee's weight is reduced.

The ALJ entered what is titled a "Temporary or Partial Award" supported by "Findings of Fact and Rulings of Law" which were adopted by the Commission. In that award, Employer was ordered to pay temporary total disability benefits already incurred, future temporary total disability benefits until Employee "attains maximum medical improvement, a final award is issue [sic] or by prior order of this Court"; and medical expenses

already incurred as well as those to be incurred in the future.[1]

## DISCUSSION

Employer alleges error which may be summarized as follows: There was insufficient evidence that Employee gave notice of the injury; Employer should not have been ordered to pay Employee's medical expenses because it did not have an opportunity to select the health care providers; and the award entered was unauthorized because there was insufficient evidence that Employee was totally disabled, there was insufficient notice of the injury, the award was unduly vague and ambiguous, and Employee unreasonably refused to submit to medical aid offered by Employer. In response, Employee argues, among other things, that except for the notice issue, which goes to liability generally under the Workers' Compensation Act, we have no jurisdiction to consider the other points of error, because the award in question is a "Temporary or Partial Award."

■ Our review is pursuant to Mo. Const. art. V, § 18 (1945, amended 1976), and § 287.495.[2] In reviewing questions of fact, we are limited to determining whether, upon the whole record and considering the evidence in the light most favorable to the Commission's findings, it could reasonably have made the findings and reached the result it did. *Lawson v. Emerson Electric Co.*, 833 S.W.2d 467, 471 (Mo.App.1992). In doing so, we disregard the evidence which might support a different finding. *Rector v. City of Springfield*, 820 S.W.2d 639, 640 (Mo. App.1991).

■ In its first point, Employer contends that Employee should be denied all benefits pursuant to the Workers' Compensation Act because she failed to give Employer notice of the injury as required by § 287.420. Section 287.420 provides:

No proceedings for compensation under this chapter shall be maintained unless written notice of the time, place and nature

of the injury, and the name and address of the person injured, have been given to the employer as soon as practicable after the happening thereof but not later than thirty days after the accident, unless the division or the commission finds that there was good cause for failure to give the notice, or that the employer was not prejudiced by failure to receive the notice. No defect or inaccuracy in the notice shall invalidate it unless the commission finds that the employer was in fact misled and prejudiced thereby.

Employee admitted that she gave no written notice of the injury. However, Shirley Phillips, her supervisor, testified that she had a telephone conversation with Employee on Monday or Tuesday following the alleged injury, which was before Employee was admitted to the hospital. According to Ms. Phillips, Employee told her something to the effect that she had injured her back while at work. Ms. Phillips also testified that she reminded Employee of the hospital's policy requiring that job-related injuries be treated first at the emergency room and that an incident report be filed. These matters were reported by Ms. Phillips not only to her supervisor but also to the risk manager of the hospital at some later undetermined time.

■ The purpose of the notice requirement is to give the employer a timely opportunity to investigate the facts and promptly furnish medical attention to the employee to minimize the injury. *Klopstein v. Schroll House Moving Co.*, 425 S.W.2d 498, 503 (Mo. App.1968). A claim may be honored without written notice if there was good cause for failure to give it or the employer was not prejudiced by the failure to receive it. *Smith v. Plaster*, 518 S.W.2d 692, 697 (Mo. App.1975). A prima facie showing of lack of prejudice is made by evidence showing that the employer had actual timely notice or knowledge of a potentially compensable injury. *Id.* Notice given to or possessed by

---

1. The parties were ordered to agree on a health care provider in the Springfield, Missouri area, but failing such an agreement, it was ordered that Employee's St. Louis orthopedist would provide the care.

2. All references to statutes are to RSMo 1986, V.A.M.S.

supervisory employees is imputed to the employer. *Pattengill v. General Motors Corp.*, 820 S.W.2d 112, 113–14 (Mo.App.1991). *See also Martin v. Lindburg Cadillac*, 772 S.W.2d 12, 13 (Mo.App.1989); *Malcom v. La-Z-Boy Midwest Chair Co.*, 618 S.W.2d 725, 727 (Mo.App.1981). When there is a showing of actual timely notice or knowledge of a potentially compensable injury, the burden shifts to the employer to show that, notwithstanding the actual notice, it nevertheless was prejudiced by not having received a written one. *Smith v. Plaster*, 518 S.W.2d at 697.

In the instant case, Employer argues that the ALJ's finding, which was adopted by the Commission, that the verbal notice to Employee's supervisor constituted actual notice of a potential work-related injury was not supported by sufficient evidence. Under the applicable standard of review and the authorities cited above, however, we hold that the evidence described above was sufficient to support such a finding.

Employer also contends that it was prejudiced by the lack of notice in that it was prevented from investigating the matter promptly, and further it was denied the right under § 287.140.1 to select the health care providers rendering medical aid to Employee. Employer, however, did not demonstrate how the failure to provide "written" notice as opposed to actual notice was prejudicial to it. Additionally, prejudice is not shown by Employer's failure to investigate promptly after receiving information about the potential claim. *See Martin v. Lindburg Cadillac*, 772 S.W.2d at 13. There was also no showing that any lack of "written" notice played any part in Employer's losing the opportunity to select health care providers because Employee knew that Employer's own emergency room services were available and were to be used for work-related injuries. We conclude that the evidence did not require a finding of prejudice to Employer from the lack of a written notice. Point I is, therefore, denied.

Employer's remaining two points concern the "Temporary or Partial Award" entered by the ALJ and adopted by the Commission. First, Employer contends that the portion of the award ordering the payment of past medical expenses was error because they were for health care providers chosen by Employee in violation of Employer's right under § 287.140 to provide such care with health care providers of its choosing. Secondly, Employer challenges that portion of the award determining that Employee is entitled to past temporary total disability benefits in a specific sum as well as future temporary total disability benefits at a date to be determined.

In both instances, however, Employer's contention relates directly to the findings and contents of the "Temporary or Partial Award" as opposed to an issue relating to liability for any benefits under the Workers' Compensation Act which was raised in its first point. While Employee concedes that we have jurisdiction to review issues concerning the latter, she argues that we are without jurisdiction to decide issues relating to the contents of temporary or partial awards.

We have no appellate jurisdiction in workers' compensation cases except as expressly conferred by statute. *State ex rel. Faris v. Eversole*, 332 S.W.2d 879, 880–81 (Mo. banc 1960); *Lewis v. Container Port Group*, 872 S.W.2d 134, 136 (Mo.App.1994); *Boatner v. Slusher, Inc.*, 614 S.W.2d 35, 36 (Mo.App.1981). Section 287.495 authorizes an appeal from the "final award of the commission" to the appellate court.[3] A "final award" is one which disposes of the entire controversy between the parties. *Boatner v. Slusher, Inc.*, 614 S.W.2d at 35–36. An order lacks finality where it remains tentative, provisional, contingent, subject to recall, revision or reconsideration by the issuing agency. *Lewis v. Container Port Group*, 872 S.W.2d at 136; *Blanford v. Robinett's Motor & Truck Serv.*, 865 S.W.2d 874, 876 (Mo.App. 1993). No appeal lies from a temporary or partial award. *State ex rel. Faris v. Ever-*

---

3. Section 287.490 applies to disputes based on claims which arose prior to August 13, 1980, and authorizes appeal from a "final award of the commission" in the first instance to the circuit court. The instant case is based upon a claim arising after August 13, 1980, and, therefore, § 287.495 applies.

*sole; Boatner v. Slusher, Inc.; Blanford v. Robinett's Motor and Truck Serv.*

Section 287.510 authorizes temporary or partial awards which "may be modified from time to time to meet the needs of the case, and the same may be kept open until a final award can be made, and if the same be not complied with, the amount thereof may be doubled in the final award, if the final award shall be in accordance with the temporary or partial award." In the instant case, not only was the Commission's award titled "Temporary or Partial Award" but its provisions also comported with those of § 287.510 in that it states:

> This award is only temporary or partial, is subject to further order, and the proceedings are hereby continued and the case kept open until a final award can be made. If this award be not complied with, the amount hereof may be doubled in the final award, if such final award is in accordance herewith.

The award in the instant case is not a final award but rather is one which is temporary or partial pursuant to § 287.510. Accordingly, we have no appellate jurisdiction to decide issues concerning it.

Appeals from temporary or partial awards have been permitted in a few cases, all of which are distinguishable from the instant one. In *Smith v. Ozark Lead Co.,* 741 S.W.2d 802 (Mo.App.1987), this court exercised appellate jurisdiction to review a "Temporary or Partial Award" where all parties agreed that the claimant's injury was "permanent and totally disabling." In that case, the court emphasized the fact that the award was not entered pursuant to § 287.510. Contrary to the *Smith* case, however, the Commission in the instant case obviously considered this award to be pursuant to that statutory provision.

In *Woodburn v. May Distributing Co., Inc.,* 815 S.W.2d 477 (Mo.App.1991), this court again found appellate jurisdiction to review an award denominated "Temporary or Partial Award" relying heavily on *Smith v. Ozark Lead Co.* In *Woodburn,* this court treated the temporary or partial award as the equivalent of a final determination of whether the employer had liability for payment of compensation benefits. It noted that

pursuant to Mo.Code Regs. tit. 8, § 20–3.040 (1975), review by the Commission after a temporary or partial award was specifically authorized "upon the ground that the applicant is not liable for the payment of any compensation." *Id.* at 480. In the instant case, that type of review was granted with reference to the first point which had as its nexus a determination of whether Employer is liable for any workers' compensation benefits.

Finally, the Missouri Supreme Court in *Abrams v. Ohio Pacific Express,* 819 S.W.2d 338 (Mo. banc 1991), concluded that there was jurisdiction in an appeal from a "Temporary or Partial Award," again relying heavily on *Smith.* The court also said "that an award of permanent total disability requiring payments for the remainder of the claimant's lifetime pursuant to § 287.200.2 is a final award for purposes of appeal under § 287.-495 even though designated as a temporary or partial award." *Id.* at 343. Therefore, like *Smith, Abrams* apparently did not involve a § 287.510 temporary or partial award. The *Abrams* court acknowledged and did not overrule cases holding that § 287.510 temporary or partial awards are not subject to judicial review. *Id.* at 343.

We recognize that, without appellate jurisdiction to decide issues raised in connection with this "Temporary or Partial Award," Employer is subjected to future payments with no possibility of review concerning those individual payments until a final award is entered, and that at that time reimbursement in the event of reversal could be questionable. This, however, is a dilemma which must be solved, if at all, by the legislature. We are unable to exercise appellate jurisdiction contrary to the clear statutory grant from which our authority flows.

Accordingly, we have no appellate jurisdiction as to Employer's Points II and III and the appeal as to those points is dismissed. Employer's Point I is denied.

FLANIGAN, P.J., and PREWITT, J., concur.