David **STUFFLEBEAN**, Respondent,

v.

**CRETE CARRIER CORPORATION,**
Appellant.

No. WD 49850.

Missouri Court of Appeals,
Western District.

Jan. 24, 1995.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Feb. 28, 1995.

Application to Transfer Denied
April 25, 1995.

Brian J. Fowler, Kansas City, for appellant.

Michael A. Knepper, Kansas City, for respondent.

Before FENNER, C.J., and KENNEDY and BERREY, JJ.

FENNER, Chief Judge.

Appellant, Crete Carrier Corporation, appeals from the decision of the Labor and Industrial Relations Commission (Commission) awarding temporary workers' compensation benefits to respondent, David Stufflebean.

Stufflebean was employed by Crete Carrier Corporation as an over-the-road truck driver. On May 17, 1991, he sustained a back injury while loading a flat trailer tire onto a holder in order to return it to his employer. This injury occurred in Norfolk, Nebraska. It is undisputed that the injury arose out of and in the course of Stufflebean's employment with Crete. After the accident, Stufflebean notified Crete of the accident and timely filed a claim with the Missouri Division of Workers' Compensation.[1] In March 1994, the administrative law judge dismissed the claim on the basis that the Missouri Division of Workers' Compensation did not have jurisdiction. Stufflebean subsequently filed a petition for review with the Commission. The Commission concluded that Missouri had jurisdiction based upon a finding that Stufflebean's employment contract had been entered into in Missouri and because his employment was principally localized in Missouri. The Commission reversed the ALJ's dismissal order and issued a temporary award for compensation. On

appeal, Crete contends that the Commission erred in finding that the Missouri Division of Workers' Compensation had jurisdiction over Stufflebean's claim.

Stufflebean claims that this court has no jurisdiction to review the Commission's action because the award issued by the Commission was not final.

■■■ This court has no appellate jurisdiction in workers' compensation cases except as expressly conferred by statute. *Hillenburg v. Lester E. Cox Medical Ctr.*, 879 S.W.2d 652, 655 (Mo.App.1994). Section 287.495 authorizes an appeal from the final award of the Commission. *Id.* "An order lacks finality where it remains tentative, provisional, contingent, subject to recall, revision or reconsideration by the issuing agency." *Id.* "A final award is one which disposes of the entire controversy between the parties." *Lewis v. Container Port Group*, 872 S.W.2d 134, 136 (Mo.App.1994). "No appeal lies from a temporary or partial award." *Hillenburg*, 879 S.W.2d at 655. However, appellate review on the issue of liability in a workers' compensation case is permissible although an award is denominated "temporary or partial." *Woodburn v. May Distributing Co.*, 815 S.W.2d 477, 481 (Mo.App.1991); *Smith v. Fabricated Metal Prods.*, 883 S.W.2d 537, 538 (Mo.App.1994). The question presented in the case at bar is one of liability. Therefore, review of the Commission's decision is appropriate by way of appeal.

■■■ On appellate review of a workers' compensation award, the evidence and all reasonable inferences from the evidence are viewed in the light most favorable to the finding and award of compensation. *Lieneke v. Evangelical Deaconess Hosp.*, 418 S.W.2d 142 (Mo. banc 1967). Evidence which might support a different finding is to be disregarded. *Rector v. City of Springfield*, 820 S.W.2d 639, 640 (Mo.App.1991). Furthermore, where a question of jurisdiction is in doubt, it should be determined in favor of the Commission. *Ringeisen v. Insulation Servs., Inc.*, 539 S.W.2d 621, 626 (Mo.App.1976).

---

1. The record indicates that Stufflebean is currently receiving temporary benefits in the amount of $22.88 per week pursuant to the Nebraska Workers' Compensation Act.

Appellant argues that the jurisdictional requirements of section 287.110(2), RSMo 1986 [2] were not established under the record. As relevant herein, section 287.110(2) provides that the Missouri Workers' Compensation Law applies as follows:

(1) When an injury is received within the state of Missouri;

(2) To all injuries regardless of where received, if the contract of employment was entered into in the state of Missouri, unless the contract of employment provides otherwise; and

(3) To all injuries received outside Missouri where the employee's employment was principally localized in Missouri.

In the case at bar, there is no dispute but that respondent's injury was received in the state of Nebraska. However, the Commission found that the employment contract was entered into in Missouri and further that respondent's employment was principally localized in Missouri.

 In a workers' compensation proceeding, the question of where a contract is made is one of fact. *Redden v. Dan Redden Co.*, 859 S.W.2d 207, 209 (Mo.App.1993). Considered in the light most favorable to the Commission's decision, the record in the case at bar reflects that respondent's contract of employment was entered into in Missouri.[3]

The record reflects that appellant is a trucking company with terminals across the United States. At the time he was hired by appellant, respondent Stufflebean was a resident of St. Joseph, Missouri. Stufflebean responding to an ad in the St. Joseph newspaper called appellant's central dispatch facility in Lincoln, Nebraska. Stufflebean was instructed to contact Bill Sobotka at appellant's terminal at Kansas City, Missouri. Sobotka arranged for Stufflebean to travel to Kansas City for an interview. Stufflebean went to Kansas City for his interview. Stufflebean also filled out an application in Kansas City, took a written test as well as a driving test in Kansas City, and underwent a physical examination by a doctor in Kansas City. Stufflebean testified that it was his understanding, at the conclusion of these tests, that Sobotka hired him as a driver for appellant. Stufflebean testified that after he was hired, Sobotka advised him that he would have to go to Lincoln, Nebraska for an orientation session. Stufflebean stated that Sobotka told him that after the orientation session Stufflebean would report back to Kansas City where he would be based and be assigned a truck.

Sobotka maintained that he did not offer the job to Stufflebean in Kansas City, but that Stufflebean was hired in Nebraska at the conclusion of the orientation session. Appellant also offered other evidence including the testimony of its Vice-President of Safety who testified that the Lincoln Safety Department makes the final determination of employment. Appellant's evidence was in conflict with the testimony of Stufflebean and the Commission chose to believe Stufflebean.

Judgment affirmed.

All concur.

---

**2.** All statutory references are to RSMo 1986 unless otherwise specified.

**3.** Since we find that there was sufficient evidence to support the Commission's determination the contract was entered into in Missouri, we need not address whether respondent's employment was principally localized in Missouri.