William D. JOHNSTON, Appellant,

v.

P & K MANUFACTURING, INC., Treasurer of Missouri, Custodian of Second Injury Fund, Respondent.

No. WD 50076.

Missouri Court of Appeals,
Western District.

March 28, 1995.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 2, 1995.

Application to Transfer Denied
June 20, 1995.

Uzoma A. Ofodu, Kansas City, for appellant.

Steven N. Beth, Independence, for respondent P & K Mfg.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, Reginald Harrington, Asst. Atty. Gen., Kansas City, for Second Injury Fund.

Before FENNER, C.J., and BERREY and ULRICH, JJ.

FENNER, Chief Judge.

Appellant appeals from an Order issued by the Labor and Industrial Relations Commission on September 1, 1994, affirming an Order of Administrative Law Judge R. Carl Mueller, Jr., issued May 20, 1994, dismissing appellant's workers' compensation claim for failure to prosecute. Appellant failed to personally appear at hearings scheduled for February 23 and May 19, 1994.

The record reflects that appellant alleges he sustained an injury to his back involving bilateral leg pain in the course and scope of his employment with P & K Manufacturing, Inc., respondent, on April 16, 1992. Appellant was employed as a lumber yard worker, a position that required extensive lifting. Respondent answered appellant's claim, denying that an accident occurred on April 16, 1992, denying that the alleged injury occurred on respondent's premises, denying the nature and extent of the injury appellant alleged, and alleging appellant had a pre-existing condition or prior injury.

Appellant sought and obtained treatment from several health care providers, including extensive physical therapy through Trinity Lutheran Hospital and work hardening through Liberty Hospital. A functional capacities evaluation revealed appellant cannot lift, push, or pull more than twenty-four pounds. Appellant was required to lift weights greater than this as part of his employment with respondent. Appellant was evaluated by Dr. Ezekiel Abanishe and found to have suffered a 25% impairment to the body as a whole as a result of his alleged injury. Appellant incurred $20,069.40 in medical expenses resulting from treatment related to his alleged injury.

Appellant filed a claim for compensation on June 8, 1992, listing a current address of 220 West, Excelsior Springs, Missouri. Respondent retained counsel, Jack Gorham, who did not officially enter his appearance but did engage in settlement negotiations with appellant and counsel. A pre-hearing conference was set for February 9, 1993, at which appellant did not appear.

On April 4, 1993, William C. Paxton entered his appearance as additional counsel for respondent. A hearing set for April 14, 1993 was continued at respondent's request. Shortly thereafter, respondent's counsel informed appellant that respondent was uninsured and insolvent, and therefore could not compensate appellant for medical expenses or disability benefits.

On May 15, 1993, appellant filed an amended claim for compensation adding the Second Injury Fund as an additional party. This amended claim listed appellant's address at the time as 811 St. Louis, Excelsior Springs, Missouri. The Second Injury Fund filed its answer to appellant's amended claim on June 3, 1993.

The next hearing on the matter, set for September 7, 1993, was also continued. Whether appellant appeared at the April 14, 1993 hearing or the September 7, 1993 hearing is a subject of dispute between the parties, but is irrelevant to the outcome of this appeal.

The next hearing in appellant's case was set by certified notice to all parties for February 23, 1994. All counsel were present, but appellant did not appear. The hearing was then continued and reset for April 12, 1994. Prior to this hearing, the Second Injury Fund requested appellant's complete medical records and itemized bills from appellant's counsel. It is appellant's burden, initially, to provide the Second Injury Fund with copies of these records. This request eventually led to a continuance of the April 12th hearing until, with the parties being given a special setting of May 19, 1994, which was agreed to by all parties, including appellant. The parties represented that the May 19th setting would be the final hearing date for appellant's claim.

On May 19, 1994, counsel for all parties were present before the Administrative Law Judge. Appellant's counsel informed the judge that appellant was not present for the hearing. Appellant's counsel stated that a letter was sent from his office to appellant notifying him of the setting, but the letter came back undelivered. Additionally, appellant argued that official notice pursuant to

sections 287.655 and 287.520, RSMo Supp. 1993, was not properly given appellant as notice was sent to the address appellant listed on the initial claim and not the more recent address appellant listed on the amended claim adding the Second Injury Fund. Appellant's counsel's own attempts to locate appellant were unsuccessful. Appellant's counsel also stated that he received official notice of the hearing.

Respondent and the Second Injury Fund moved to dismiss appellant's claim for lack of prosecution. After hearing statements from counsel, the Administrative Law Judge granted the joint motion, stating that none of the minute entries in his file indicate that appellant ever appeared at a set hearing.

Appellant appealed the order of the Administrative Law Judge to the Labor and Industrial Relations Commission ("the Commission"). The Commission affirmed the Administrative Law Judge's order by a unanimous panel on September 1, 1994. This appeal followed.

## I. STANDARD OF REVIEW

■■■ Appellate review of a workers' compensation award issued by the Commission is governed by Article V, Section 18, of the Missouri Constitution and § 287.495, RSMo 1994. *Hillenburg v. Lester E. Cox Medical Ctr.*, 879 S.W.2d 652, 654 (Mo.App.1994). Article V, Section 18 provides the following principles for review of administrative agency actions:

All final decisions, findings, rules and orders of any administrative officer or body existing under the constitution or by law, which are judicial or quasi-judicial and affect private rights, shall be subject to direct review by the courts as provided by law; and such review shall include the determination whether the same are authorized by law, and in cases in which a hearing is required by law, whether the same are supported by competent and substantial evidence upon the whole record.

Mo. Const. Art. V, § 18. Section 287.495, RSMo 1994, states the following in pertinent part:

The Court, on appeal, shall review only questions of law and may modify, reverse, remand for rehearing, or set aside the award upon any of the following grounds and no other:

(1) That the Commission acted without or in excess of its powers;

(2) That the award was procured by fraud;

(3) That the facts found by the Commission do not support the award;

(4) That there was not sufficient competent evidence in the record to warrant the making of the award.

In reviewing questions of fact, the appellate court is limited to determining whether the Commission could reasonably have made the findings and reached the conclusions it did based on the whole record and considering the evidence in the light most favorable to the Commission's findings. *Hillenburg*, 879 S.W.2d at 654. The appellate court will set aside the Commission's findings only when they are clearly contrary to the overwhelming weight of the evidence. *Story v. Southern Roofing Co.*, 875 S.W.2d 228 (Mo.App. 1994).

## II. COMPLIANCE WITH STATUTORY NOTICE PROVISIONS

■■■ The applicable dismissal and notice provisions of the Missouri Workers' Compensation Law are found at sections 287.655 and 287.520 of the 1994 edition of the Missouri Revised Statutes. Section 287.655 provides the following with regard to dismissal:

Any claim before the Division may be dismissed for failure to prosecute in accordance with rules and regulations promulgated by the Commission, except such notice need not be by certified or registered mail if the person or entity to whom notice is directed is represented by counsel and counsel is also given such notice at counsel's last known address. To dismiss a claim the Administrative Law Judge shall enter an Order of Dismissal which shall be deemed an award and subject to review and appeal in the same manner as provided for other awards in this chapter.

The proper manner of giving notice under the workers' compensation law is delineated at § 287.520:

Any notice required under this chapter shall be deemed to have been properly given and served when sent by registered or certified mail properly stamped and addressed to the person or entity to whom given, at the last known address in time to reach the person or entity in due time to act thereon, *or to counsel for that person or entity in like manner.* Notice may also be given and served in like manner as summons in civil actions.

Respondents do not dispute that the notice sent to appellant was not sent to the "last known address" as provided by statute. However, it is clear from the record that appellant's counsel did receive notice of the hearing and that appellant's counsel did try to advise appellant of the hearing by letter to appellant's "last known address." By sending notice to appellant's counsel and counsel's acknowledgment that he received said notice, the notice provisions of the Missouri Workers' Compensation Law were complied with in preparation for the May 19, 1994 hearing on appellant's claim. Appellant's argument that proper notice was not given is without merit.

### III. SUBSTANTIAL COMPETENT EVIDENCE SUPPORTS THE COMMISSION'S FINDINGS

■ There is evidence in the record that appellant had not appeared at any of the prior hearings in the matter, though appellant disputes this contention. Notwithstanding this dispute, the Administrative Law Judge could have dismissed appellant's claim after appellant failed to personally appear at the February 23, 1994 hearing, but did not. Instead, the matter was reset for an April hearing. The April hearing was continued after all parties, including appellant, agreed that the special May 19, 1994 setting would be the final hearing date. No evidence of good cause for appellant's failure to attend the hearing was presented by appellant's counsel, other than the argument that proper notice was not given. As detailed above, the notice provisions of the statute were complied with in setting this hearing.

The appellant has been given a fair opportunity to prosecute his claim, and he has chosen not to do so by his actions. The Commission's Order affirming the Order of Dismissal issued by Administrative Law Judge Mueller based upon appellant's failure to prosecute his claim is supported by substantial competent evidence.

The Order of the Labor and Industrial Relations Commission is affirmed.

All concur.