Tracy FRAVEL, Respondent,

v.

GUARANTY LAND TITLE, Appellant.

No. WD 52817.

Missouri Court of Appeals,
Western District.

Nov. 19, 1996.

John J. Johnson, Jr., Brown & James, P.C., St. Louis, for appellant.

John D. Schneider, St. Louis, for respondent.

Before ULRICH, C.J., P.J., and HANNA and SPINDEN, JJ.

**24**

ULRICH, Judge.

█ The question presented is whether this court has jurisdiction to hear the appeal of the Labor and Industrial Relations Commission's order dismissing an application for review of the temporary award of compensation benefits to the claimant. Because the dismissal was not a final order of the Commission completely resolving the case, this court lacks jurisdiction to hear the appeal. The appeal is, therefore, dismissed. Appellant is ordered to pay the sum of $2,000 to Respondent through her attorney as compensation for expenses incurred as a result of this frivolous appeal. Rule 84.19

Tracy Fravel, an Escrow Closing Officer, was injured in an automobile accident on August 24, 1995, while driving to a loan closing. She filed a claim for compensation with the Division of Worker's Compensation against her employer, Guaranty Land Title (Guaranty), and its insurer, Secura Insurance Company (Secura), on October 6, 1995, for injuries sustained to her left shoulder and arm, neck, back, and head.

Following a hearing, the Administrative Law Judge issued a temporary or partial award in favor of Ms. Fravel ordering Guaranty and Secura to pay $280 per week as temporary total disability benefits and $1,386.33 for medical bills, and to provide medical treatment. The ALJ found that Ms. Fravel's injuries were caused by the August 24, 1995 accident and that the accident arose out of and in the course of her employment with Guaranty.

Guaranty and Secura filed an application for review with the Labor and Industrial Relations Commission (Commission) on April 12, 1996. In the application, they stated, "The employer and insurer allege no liability

and, therefore, allege the right to appeal a temporary award."

The Commission dismissed the application under 8 CSR 20–3.040 on April 30, 1996 [1]. It found, "The Commission construes the above rule [8 CSR 20–3.040] as requiring an allegation that the employer/insurer deny all liability, not just liability for the temporary portion of the award." Seven days later, the Commission rescinded the dismissal of the application for review on its own motion and found the application "still pending before the Commission." This appeal followed.

## COMMISSION'S REINSTATEMENT OF CASE AFTER DISMISSING IT

As its sole point on appeal, Guaranty claims that the Commission erred in dismissing its application for review although the Commission subsequently rescinded the dismissal and reinstated the case. It contends that the law is unclear regarding whether the Commission had authority to reinstate the case after it dismissed the application for review. It appeals the Commission's dismissal "on a protective basis."

█ Although not discussed by the parties in their briefs, the jurisdiction of this court to review the Commission's action must first be considered. This court has no appellate jurisdiction in workers' compensation cases except as expressly conferred by statute. *Stufflebean v. Crete Carrier Corp.*, 895 S.W.2d 115, 116 (Mo.App.1995). Section 287.495, RSMo 1994, authorizes an appeal from the Commission's final award to an appellate court. *Id.* A final award is one that disposes of the entire controversy between the parties. *Id.; Lewis v. Container Port Group*, 872 S.W.2d 134, 136 (Mo.App.1994).

---

1. 8 CSR 20–3.040 provides:

*PURPOSE: This rule specifies when an application to review a temporary or partial award may be filed.*

(1) Whenever an administrative law judge issues a temporary or partial award under section 287.510, RSMo, the same shall not be considered to be a final award from which an application for review (see 8 CSR 20–3.030) may be made. The time for making an application for review shall not commence until a final award is issued by the administrative law judge in cases where a temporary or partial award has been issued.

(2) Any party who feels aggrieved by the issuance of a temporary or partial award by any administrative law judge may petition the commission to review the evidence upon the ground that the applicant is not liable for the payment of any compensation.... The commission will not consider applications or petitions for the review of temporary or partial awards where the only contention is as to the extent or duration of the disability of the employee for the reason that the administrative law judge has not made a final award and determination of the extent or duration of disability.

An order lacks finality where it remains tentative, provisional, contingent, or subject to recall, revision, or reconsideration by the issuing agency. *Id.*

■ Section 287.510, RSMo 1994, explains that a temporary or partial award may be made in any case. § 287.510, RSMo 1994. A temporary or partial award "may be modified from time to time to meet the needs of the case" and "may be kept open until a final award can be made." *Id.* Generally, no appeal lies from a temporary or partial award because it is not a final award. *Hillenburg v. Lester E. Cox Medical Ctr.,* 879 S.W.2d 652, 655 (Mo.App.1994).

The Eastern District recently considered whether it had jurisdiction to review the Commission's dismissal of an employer/insurer's application for review of a temporary or partial award. *Lewis,* 872 S.W.2d at 134. In *Lewis,* an employer/insurer filed an application for review after an ALJ issued a temporary or partial workers' compensation award to a claimant. *Id.* at 134–135. The Commission then dismissed the application pursuant to 8 CSR 20-3.040, and the employer/insurer appealed. *Id.* The Eastern District determined that it did not have jurisdiction to review the Commission's dismissal of the application. *Id.* at 136. It explained that the dismissal was not a final order because it did not completely resolve the case. *Id.*

This case is very similar to *Lewis.* The Commission initially dismissed Guaranty and Secura Insurance's application for review of the temporary or partial award for failure to comply with 8 CSR 20-3.040. It then rescinded its dismissal and reinstated the case. As in *Lewis,* the dismissal of the application for review was not a final award of the Commission because it did not completely resolve the case. Moreover, the Commission's rescindment and reinstatement of the cause was not a final award. Statutory authority to appeal the Commission's order dismissing the application for review of the temporary or partial award and reinstating the case does not exist. Accordingly, this court does not have jurisdiction to review the Commission's actions. The appeal is dismissed.

## FRIVOLOUS APPEAL MOTION

■ Ms. Fravel moves for frivolous appeal damages. Rule 84.19. An appeal is frivolous if it presents no justiciable question and is so readily recognizable as devoid of merit on the face of the record that there is little prospect that it can ever succeed. *Papineau v. Baier,* 901 S.W.2d 190, 192 (Mo. App.1995). Rule 84.19, which authorizes sanctions for a frivolous appeal, states:

> If an appellate court shall determine that an appeal is frivolous it may award damages to the respondent as the court shall deem just and proper.

The purpose of sanctions is (1) to prevent congestion of appellate court dockets with cases devoid of merit which, by their presence, contribute to delaying resolution of cases with merit and (2) to compensate respondents for incurring expenses defending judgments against meritless issues. *Id.* Frivolous appeal sanctions are imposed with extreme caution to avoid chilling an appeal of even slight, colorable merit. *Id.* Sanctions can be imposed against either the appellants or their counsel. *Id.* at 193.

This appeal is frivolous. Guaranty appeals the Commission's order dismissing its application for review of the temporary or partial award. The Commission, however, reinstated the case for review of the application on the merits. Guaranty received exactly what it wanted—a review of the application on the merits. Yet, it appeals the dismissal "on a protective basis." The only practical effect of this appeal is to further delay benefits to Ms. Fravel and to compel her to incur additional unnecessary expenses. Guaranty is, therefore, ordered to pay $2000 to Ms. Fravel through Ms. Fravel's attorney. Rule 84.19. The total sum shall be paid within fourteen days of the mandate of this court. A copy of receipt for the sum shall be filed in this court by Ms. Fravel's attorney within five days following receipt of the sum. The appeal is dismissed.

All concur.