Herbert MARTIN, Employee/Appellant,

v.

JET ENVELOPE, INC., Employer/Respondent.

No. 70411.

Missouri Court of Appeals, Eastern District, Division One.

April 8, 1997.

Brian J. Dean, St. Louis, for employee/appellant.

William J. Glaser, David J. Jerome, St. Louis, for employer/respondent.

DOWD, Judge.

Herbert Martin (Employee) appeals from the Labor and Industrial Relations Commission's (Commission) order dismissing his Application for Review of a Temporary or Partial Award. Employee alleges the Commission erred when it dismissed his application for review because the award was, in fact, final to him. We dismiss the appeal.

## I. Background

On November 3, 1992, Employee was on a ladder changing a light bulb when he heard an explosion. He jerked back and the light tube "hit a gas pipe in front of his face." In his "Claim for Compensation," Employee alleged that he suffered injuries to his eyes, neck and back that arose out of and in the course of his employment. Employee requested payment for past medical expenses related to his back treatment, future medical care in the form of back surgery, and temporary total disability benefits.

The parties stipulated that Employee suffered an eye injury in the course and scope of his employment. The parties contested the back claim only. The Administrative Law Judge (ALJ) issued findings of fact and rulings of law concluding that Employee did not suffer any injury to his back that arose out of and in the course of his employment. The ALJ denied all benefits relating to the back injury. In the final line of his findings, however, he issued a temporary or partial award for Employee's eye injury "because neither party had final ratings on claimant's eye injury and neither party requested a final award."

Employee filed an Application for Review on March 29, 1996, to appeal the finding regarding his back. Citing 8 CSR 20–3.040, the Commission · dismissed the application finding it "inappropriate at this time to review the temporary or partial award...."

1. All statutory references are to RSMo 1994.

## II. Jurisdiction

This court has no appellate jurisdiction in workers' compensation cases except as expressly conferred by statute. *Hillenburg v. Lester E. Cox Medical Ctr.*, 879 S.W.2d 652, 655 (Mo.App. S.D.1994). Section 287.495, RSMo 1994,[1] provides that final awards of the Commission may be appealed. A final award is one that disposes of the entire controversy between the parties. *Lewis v. Container Port Group*, 872 S.W.2d 134, 136 (Mo.App. E.D.1994). Finality is found when the agency arrives at a terminal, complete resolution of the case before it. *Id.*

In *Lewis*, the court addressed a similar question as the one presented here. There, the commission dismissed an application for review from an employer who attempted to challenge an ALJ's temporary or partial award. The *Lewis* court stated:

> There is no statutory authorization to appeal the Commission's orders dismissing applications for review of temporary or partial awards. Further, the dismissal order is not a final order because it does not completely resolve the case before it. The matter is still pending before the ALJ until a final award can be made. The temporary award is by its terms subject to further order.

*Id.*

In the instant case, the Commission dismissed Employee's application for review. The case, then, is still pending before the ALJ. Thus, this court is without jurisdiction to address an appeal.

Therefore, we dismiss the appeal.

REINHARD and GARY M. GAERTNER, JJ., concur.