**Michael FORKUM, Claimant–Respondent,**

v.

**ARVIN INDUSTRIES, INC., Employer–Appellant.**

No. 21358.

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 28, 1997.

Motion for Rehearing or Transfer
Denied Nov. 19, 1997.

Application to Transfer Denied
Dec. 23, 1997.

James B. Kennedy, Evans & Dixon, St. Louis, for Employer–Appellant.

Evan J. Beatty, Appleton, Kretmar & Beatty, St. Louis, for Claimant–Respondent.

BARNEY, Judge.

Arvin Industries, Inc. (Employer) appeals from the Labor and Industrial Relations Commission's order dismissing its application for review of the temporary or partial award made to Michael Forkum (Claimant) by the Administrative Law Judge (ALJ). We dismiss the appeal for lack of jurisdiction.

Employer sets out two points of Commission error. First, Employer asserts that the Commission erred in dismissing its application for review of the temporary or partial award because there was no causal connection between Claimant's accident and the surgery he incurred *after* Claimant was released from the medical care of his Employer-provided physicians. Employer maintains that the "rule allows appeals of such awards where there is an issue over the Employer's liability to pay any compensation and that exception to non-appealability should have been applied to this case so as to allow the

appeal."[1] Employer's second point asserts that "[i]n the event that this Court determines that the temporary or partial award is an appealable temporary award then the cause must be remanded to the commission with directions ... to decide the appeal on its merits." We review both points jointly.

Michael Forkum (Claimant) was employed by Arvin Industries, Inc. (Employer) for more than 20 years and was 39 years old at the time of his work-related accident. Claimant was a machine maintenance repairman and his duties required him to lift parts for various machines which weighed as much as 100 pounds.

On January 7, 1995, Claimant was working on the roof of the plant when he slipped on a patch of ice. Claimant's right foot slipped forward and his upper body went backwards and to his left, twisting his back to the side and rear. Following the accident, Claimant felt pain and tightness in his lower and middle back. Although Claimant worked the remainder of the day, he testified that his pain worsened as the day progressed. His injury was exacerbated on the following Monday when, while working, he jumped a couple of feet into a pit and then felt additional pain in his back. Claimant sought and received medical treatment through Employer and filed his claim for compensation on July 22, 1995. He alleged that he sustained a work-related injury, that he suffered approximately 9 weeks of temporary disability to date, and that the number of weeks for future temporary disability were unknown. He also alleged that the exact nature of his injury was "to be determined." Claimant stated that he had received approximately $4,000.00 in compensation as of the date of the claim.

In Employer's answer to claim for compensation, it averred that "employer admits the employee sustained accidental injury on or about that date, for which all necessary compensation benefits and medical aid have been provided, and in addition, deny each and every, all and singular, the allegations contained in the claim for compensation not specifically admitted herein."

Following a hearing on Claimant's claim for compensation, the ALJ entered a temporary or partial award on June 5, 1996. The ALJ found that "[b]ased on the stipulations of the parties, in which has been agreed that the employer-insurer has paid a substantial amount of medical and temporary total disability benefits, it appears that the employer in this case has not denied liability for the payment of any and all compensation, but merely has denied that it is responsible for additional medical aid or temporary total disability benefits."

The ALJ found that "[Claimant's] accident of January 7, 1995 was a substantial factor in causing [Claimant's] injury to his mid and lower back, and his subsequent need for surgery as prescribed by Dr. Matthew Gornet," Claimant's private doctor.[2] The ALJ also found that Claimant was still in the healing period and had not reached his maximum level of medical improvement, determining that "the nature and extent of [Claimant's] permanent disability shall be deferred until a subsequent hearing." The ALJ's award also provided, *inter alia*, that "[t]his award is only temporary or partial, is subject to further order, and the proceedings are hereby continued and the case kept open until a final award can be made." *See* § 287.510.[3]

---

1. In support of its contentions, Employer cites *Marrone v. Modine Heat & Transfer*, 918 S.W.2d 315 (Mo.App.1996). In *Modine* claimant asserted a claim for injuries to both of his hands. Employer did not dispute liability as to the right hand, but did dispute liability as to claimant's left hand. This Court authorized review of a temporary and partial award on the basis that employer was denying liability as to any compensation to the left hand. *Id.* at 319.

2. After Claimant's discharge from further medical treatment by his Employer-provided physicians, Claimant testified that he continued expe-

riencing pain and great difficulty in working. Dr. Gornet wrote in his narrative report, which was received in evidence, that he attempted to treat Claimant conservatively but felt that he was developing increasing pain and dependence on narcotics in order to perform his daily living. Dr. Gornet then recommended back surgery, which was performed in two stages. After surgery, Claimant testified that he noticed great improvement from his pre-surgical condition.

3. Statutory references are to RSMo 1994.

Employer filed an application for review of the ALJ's award with the Labor and Industrial Relations Commission on June 25, 1996. On October 15, 1996, the Commission entered its order dismissing Employer's application. As support for its dismissal, the Commission cited Commission Rule 8 CSR 20–3.040. That Rule provides, in part, the following:

(1) Whenever an administrative law judge issues a temporary or partial award, under section 287.510 RSMo, the same shall not be considered a final award from which an application for review may be made. The time for making an application for review shall not commence until a final award is issued by an administrative law judge in cases where a temporary or partial award has been issued.

(2) Any party who feels aggrieved by the issuance of a temporary or partial award by any administrative law judge may petition the commission to review the evidence upon the ground that the applicant is not liable for the payment of any compensation.... The commission will not consider applications or petitions for review of temporary or partial awards where the only contention is as to the extent or duration of the disability of the employee for the reason that the administrative law judge has not made a final award and determination of the extent or duration of disability.

Commission Rule 8 CSR 20–3.040. In its dismissal order, the Commission construed the above rule "as requiring an allegation that the employer/insurer deny all liability, not just liability for the temporary portion of the award."

Following the Commission's dismissal of Employer's application, Employer filed its notice of appeal to this Court.

## I.

■ This Court has no appellate jurisdiction in workers' compensation cases except as expressly conferred by statute. *Martin v. Jet Envelope, Inc.*, 943 S.W.2d 321, 322 (Mo.App.1997); *Fravel v. Guaranty*

*Land Title*, 934 S.W.2d 23, 24 (Mo.App.1996). Section 287.495 provides that final awards of the Commission may be appealed. *Martin*, 943 S.W.2d at 322. A final award is one that disposes of the entire controversy between the parties. *Id.* Finality is found when the agency arrives at a terminal, complete resolution of the case before it. *Id.*

■ Section 287.510 authorizes the entering of temporary or partial awards. *See Korte v. Fry–Wagner Moving & Storage Co.*, 922 S.W.2d 395, 397 (Mo.App.1996). It provides the following:

In any case a temporary or partial award of compensation may be made, and the same may be modified from time to time to meet the needs of the case, and the same may be kept open until a final award can be made, and if the same be not complied with, the amount thereof may be doubled in the final award, if the final award shall be in accordance with the temporary or partial award.

§ 287.510. Here, the ALJ's award was made pursuant to section 287.510. However, no appeal lies from a temporary or partial award made pursuant to section 287.510. *Fravel*, 934 S.W.2d at 25 (citing *Hillenburg v. Lester E. Cox Medical Ctr.*, 879 S.W.2d 652, 655 (Mo.App.1994)); *see also Korte*, 922 S.W.2d at 397. An order lacks finality where, as here, it expressly remains tentative, provisional, contingent subject to recall, revision or reconsideration by the issuing agency. *Korte*, 922 S.W.2d at 398.

■ Nonetheless, there are two situations where reviewing courts have looked behind an award's designation as "temporary or partial" to determine if it is, in fact, a final award for purposes of appeal. *Id.* First, where an award designated "temporary and partial" is not entered pursuant to section 287.510 but is an award of permanent total disability pursuant to section 287.200.2, there is an appealable award. *Korte*, 922 S.W.2d at 398 (citing *Abrams v. Ohio Pac. Express*, 819 S.W.2d 338, 343 (Mo. banc 1991); *Smith v. Ozark Lead Co.*, 741 S.W.2d 802, 808–10 (Mo.App.1987)).[4] Second, "appellate courts

---

**4.** "In *Smith* ... all parties agreed that the claim-    ant's injury was 'permanent and totally disabl-

have allowed limited review of temporary awards when the appellant contends that the claimant is not entitled to any award at all." *Eubanks v. Poindexter Mechanical Plumbing & Heating,* 901 S.W.2d 246, 247 (Mo.App. 1995); *see also Korte,* 922 S.W.2d at 398; *Woodburn v. May Distrib. Co.,* 815 S.W.2d 477, 480–81 (Mo.App.1991).

█ In the instant case, Employer admitted that Claimant's accident was work-related and it admitted to its liability for past total temporary disability and past medical care, as a result of injuries to Claimant's back. Employer's argument is essentially based upon its denial of liability for *further* treatment/compensation. Employer cites *Modine* as support for its argument. Factually *Modine* is distinguishable. In the instant case, Employer admitted that Claimant suffered a work-related injury to his back. However, in *Modine,* employer argued that claimant did not suffer any work-related injury to claimant's left hand/wrist. *Modine,* 918 S.W.2d at 319.

In *Lewis v. Container Port Group,* 872 S.W.2d 134 (Mo.App.1994), an ALJ made a temporary and partial award based on a claimant's work-related injuries to his back, neck, right knee and an obstructive sleep apnea condition. *Id.* at 135. Employer/insurer sought an application for review before the Commission. *Id.* Employer/insurer alleged that the work-related accident did not cause claimant's obstructive sleep apnea, nor did it cause claimant's condition to escalate to the level of disability. *Id.* Employer/insurer contended that claimant's obstructive sleep apnea would have progressed to a disabling severity regardless of the accident. *Id.* However, the Commission dismissed employer's application for review, construing 8 CSR 20–3.040 as requiring an employer/insurer to deny *all* liability, not just that portion of the

award pertaining to sleep apnea. *Lewis,* 872 S.W.2d at 135. Turning back a constitutional challenge to the rule, the appellate court sustained the Commission's dismissal of employer's application for review pursuant to the rule. *Id.* at 136. The court stated that "the [Commission's] dismissal order is not a final order because it does not completely resolve the case before it. *Id.* The matter is still pending before the ALJ until a final award can be made. The temporary award is by its terms subject to further order." *Id.*

█ We, therefore, determine that the instant matter does not fall within any of the exceptions authorizing a review of awards designated temporary or partial. Employer is not asserting that "claimant is not entitled to any award at all." *See Poindexter,* 901 S.W.2d at 247. The ALJ's award expressly tracked the language of section 287.510 and is clearly a temporary or partial award under the statute. *See* § 287.510. There is no statutory authorization to appeal the Commission's order dismissing applications for review of temporary or partial awards. *Lewis,* 872 S.W.2d at 136. This matter is still pending before the ALJ. *See Martin,* 943 S.W.2d at 322. Thus, this Court is without jurisdiction to address this appeal. *See Hillenburg,* 879 S.W.2d at 656.[5] Points I and II are denied.

Appeal dismissed.

PARRISH, P.J., and MONTGOMERY, C.J., concur.

---

ing.' In that case, the court emphasized the fact that the award was not entered pursuant to § 287.510." *Hillenburg,* 879 S.W.2d at 656. In *Abrams,* the supreme court said that "an award of permanent total disability requiring payments for the remainder of the claimant's lifetime pursuant to § 287.200.2 is a final award for purposes of appeal under § 287.495 even though designated as a temporary or partial award." *Id.*

5. "We recognize that, without appellate jurisdiction to decide issues raised in connection with this 'Temporary or Partial Award,' Employer is subjected to future payments with no possibility of review concerning those individual payments until a final award is entered, and that at that time reimbursement in the event of reversal could be questionable. This, however, is a dilemma which must be solved, if at all, by the legislature. We are unable to exercise appellate jurisdiction contrary to the clear statutory grant

from which our authority flows." *Hillenburg,*