**Ken REMELIUS,**
**Respondent/Employee,**

v.

**McCARTHY BROTHERS COMPANY,**
**Appellant/Employer,**

and

**Liberty Mutual Insurance Company,**
**Appellant/Insurer.**

**No. ED 77622.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 10, 2000.

**492**

Maureen L. Cary, Valentine & Rouse, St. Louis, for appellant.

John D. Schneider, St. Louis, for respondent.

Before GARY M. GAERTNER, P.J., LAWRENCE G. CRAHAN, J., and GEORGE W. DRAPER III, J.

PER CURIAM.

McCarthy Brothers Company and Liberty Mutual Insurance Company (collectively "Employer") appeal the order of the Labor and Industrial Relations Commission ("Commission") dismissing their application for review of an administrative law judge's temporary or partial award of workers' compensation to Ken Remelius ("Employee") pursuant to Commission Rule 8 CSR 20–3.040.[1] We dismiss the appeal.

This court has no appellate jurisdiction in workers' compensation cases except as expressly conferred by statute. *Forkum v. Arvin Indus.*, 956 S.W.2d 359,

---

**1.** Commission Rule 8 CSR 20–3.040 provides in part:

(1) Whenever an administrative law judge issues a temporary or partial award, under section 287.510 RSMo, the same shall not be considered to be a final award from which an application for review ... may be made. The time for making an application for review shall not commence until a final award is issued by the administrative law judge in cases where a temporary or partial award has been issued.

(2) Any party who feels aggrieved by the issuance of a temporary or partial award by any administrative law judge may petition the commission to review the evidence upon the ground that the applicant is not liable for the payment of any compensation.... The commission will not consider applications or petitions for the review of temporary or partial awards where the only contention is as to the extent or duration of the disability of the employee for the reason that the administrative law judge has not made a final award and determination of the extent or duration of disability.

362 (Mo.App.1997). Section 287.495[2] confers upon this court appellate jurisdiction over final awards of the Commission. *See id.* at 362. No statute extends appellate jurisdiction to an appeal of a non-final Commission order dismissing an application for review of a temporary or partial award. *See Lewis v. Container Port Group,* 872 S.W.2d 134, 136 (Mo.App.1994). Absent such statutory authority,[3] we have no jurisdiction to review the Commission's decision regardless of whether the appealing parties claim, as they do in this case, that denial of review will deprive them of their constitutional rights. *Id.* This is because appellate jurisdiction is limited to that provided in the Missouri Constitution and statutes and is not dependent upon the nature of the rights allegedly being infringed.

Accordingly, we dismiss the appeal for lack of jurisdiction. Employees' request for sanctions for frivolous appeal is denied.

---

**2.** Section 287.495 RSMo Cum Supp 2000. Although recently amended, we find nothing in the amendments that expands our jurisdiction to include non-final awards.

**3.** There are two recognized exceptions to the rule that temporary or partial awards are unreviewable. A "temporary or partial"

award of permanent total disability pursuant to section 287.200 RSMo 1994 is reviewable. *Forkum,* 956 S.W.2d at 362. Likewise, when the employer claims the claimant is not entitled to any workers' compensation at all, the award is reviewable. *Id.* at 362–63. Neither situation is presented in this appeal.