Kristen NORMAN, Claimant–
Respondent,

v.

**PHELPS COUNTY REGIONAL MEDI-CAL CENTER and Liberty Mutual Insurance Company, Employer/Insur-er–Appellants.**

No. 28646.

Missouri Court of Appeals,
Southern District,
Division Two.

June 24, 2008.

---

John F. Sander, St. Louis, MO, for Appellants.

Greggory D. Groves, Springfield, MO, for Respondent.

NANCY STEFFEN RAHMEYER, Judge.

Phelps County Regional Medical Center ("Employer") along with Liberty Mutual Insurance Company (collectively, "Appellants"), appeal the July 3, 2007 Temporary or Partial Award of the Labor and Industrial Relations Commission ("the Commission"). In a single point, Appellants aver that the Commission erred when it reversed the Administrative Law Judge ("ALJ") because the Commission did not properly apply the 2005 amendments to sections 287.020 and 287.800, RSMo Cum. Supp.2005,[1] in that the facts found by the Commission do not support a temporary or partial award. Appellants correctly point out that this incident occurred after the 2005 amendments to the workers' compensation law. Under these constraints, we find that we are without jurisdiction to review the temporary or partial award of the Commission and the appeal is dismissed.

**Factual Background**

Kristen Norman ("Employee") was working for Employer in the housekeeping department on January 8, 2006; she filed a claim for workers' compensation benefits; and Employer filed an answer denying all liability and compensation. On October 27, 2006, the ALJ conducted a hardship hearing on Employee's claim for benefits and issued a final award denying all benefits; after an appeal, the Commission reversed the ALJ decision, and issued a temporary or partial award under section 287.510. The Commission found that Employee's injury was due to an accident which arose out of and in the course of her employment entitling her to workers' compensation benefits.

**Standard of Review**

With few exceptions, our review is of the final award of the Commission, and not that of the ALJ.[2] Section 287.495.1; *Muller v. St. Louis Housing Authority,* 175 S.W.3d 191, 194 (Mo.App. E.D.2005). As we noted in *Braswell v. Missouri State Highway Patrol,* 249 S.W.3d 293 (Mo.App. S.D.2008):

In addition to our limited standard of review, we have further restraints on our ability to review decisions of the Commission. As noted, this is a review of an award from a hardship hearing. In a workers' compensation case, this Court has no appellate jurisdiction except as expressly conferred by statute. *Id.* [*Parker v. Springfield Railway Services/Anheuser–Busch, Inc.,* 897 S.W.2d 103 (Mo.App. S.D.1995)]

"Section 287.495 authorizes an appeal from the "final award of the [C]ommission" to the appellate court. "A 'final award' is one which disposes of the entire controversy between the parties." *Hillenburg v. Lester E. Cox Medical Center,* 879 S.W.2d 652, 655 (Mo.App. S.D.1994).[ ] "An order lacks finality where it remains tentative, provisional, contingent, subject to recall, revision or reconsideration by

1. All references to statutes are to RSMo 2000, unless otherwise specified.

2. Those exceptions are not at issue in this case.

the issuing agency." *Id.* at 655 (*citing Lewis v. Container Port Group,* 872 S.W.2d 134, 136 (Mo.App. E.D.1994); *Blanford v. Robinett's Motor & Truck Serv., Inc.,* 865 S.W.2d 874, 876 (Mo. App. E.D.1993)). "No appeal lies from a temporary or partial award" made pursuant to section 287.510. *Hillenburg,* 879 S.W.2d at 655–56." *Alcorn v. McAninch Corp.,* 236 S.W.3d 111, 114 (Mo.App. S.D.2007). Without jurisdiction, an appeal must be dismissed. *Muller,* 175 S.W.3d at 193. We have a duty to determine *sua sponte* whether we have jurisdiction to hear an appeal. *Id.*

*Braswell,* 249 S.W.3d at 297–98.

In previous decisions, this Court has noted two exceptions to the rule that temporary awards are unreviewable. The first exception is by statute and is not at issue in this case.

> First, where an award designated "temporary and partial" is not entered pursuant to section 287.510 but is an award of permanent total disability pursuant to section 287.200.2. *Abrams v. Ohio Pac. Express,* 819 S.W.2d 338, 343 (Mo. banc 1991); *Smith v. Ozark Lead Co.,* 741 S.W.2d 802, 808–10 (Mo.App. S.D.1987).

*Alcorn,* 236 S.W.3d at 114–15.

The second exception is a judicially-created exception and allows for a limited review:

> where an employer claims it is not liable for paying any compensation and is disputing all liability. *See e.g., Woodburn v. May Distrib. Co.,* 815 S.W.2d 477, 480 (Mo.App. S.D.1991); *Hillenburg,* 879 S.W.2d at 656; *Stufflebean v. Crete Carrier Corp.,* 895 S.W.2d 115, 116 (Mo.App. W.D.1995). Thus, it has been stated, "a court can review the issues on which liability turns, such as notice or whether an employee's injuries are work-related." *See generally Korte v. Fry–Wagner Moving & Storage Co.,* 922 S.W.2d 395, 398 (Mo.App. E.D.1996) (internal citations omitted); *Hillenburg,* 879 S.W.2d at 656; *Eubanks v. Poindexter Mechanical Plumbing & Heating,* 901 S.W.2d 246, 247 (Mo.App. S.D.1995).

*Alcorn,* 236 S.W.3d at 115.

The second judicially-created exception to the lack of appellate jurisdiction came into existence under the workers' compensation law before the 2005 amendments. Prior to the 2005 amendments, section 287.800 read:

> All of the provisions of this chapter shall be *liberally construed* with a view to the public welfare, and a substantial compliance therewith shall be sufficient to give effect to rules, regulations, requirements, awards, orders or decisions of the division and the commission, and they shall not be declared inoperative, illegal or void for any omission of a technical nature in respect thereto.

Section 287.800 (emphasis added).

The 2005 amendments changed our rules of construction regarding the provisions of the workers' compensation law. Section 287.800 now provides, in part:

> 1. Administrative law judges, associate administrative law judges, legal advisors, the labor and industrial relations commission, the division of workers' compensation, and any **reviewing courts shall construe the provisions of this chapter strictly.**

Section 287.800.1, RSMo Cum.Supp.2005 (emphasis added). In other words, we must construe all the provisions of this chapter *strictly.*

Section 287.495 grants this Court the ability to review final decisions of the Commission; it is entitled "Final award conclusive unless an appeal is taken—grounds for setting aside—disputes gov-

erned by this section, claims arising on or after August 13, 1980."

On the other hand, section 287.510 is the provision allowing for a temporary or partial award. It provides:

> In any case a temporary or partial award of compensation may be made, and the same may be modified from time to time to meet the needs of the case, and the same may be kept open until a final award can be made, and if the same be not complied with, the amount equal to the value of compensation ordered and unpaid may be doubled in the final award, if the final award shall be in accordance with the temporary or partial award.

Section 287.510. There is no provision in section 287.510 that allows for an appeal from a temporary or partial award.

We find that an application of the prior judicially-created exception would be in violation of the clear legislative intent to limit appellate review of the Commission awards to final awards. This Court has previously noted in both *Braswell* and *Alcorn* its skepticism of our jurisdiction to review temporary orders without any statutory authority to do so. It appears the 2005 amendments give voice to that skepticism and clearly indicate the objective of the legislature to limit the scope of appellate review to that which is strictly granted by statute; therefore, in compliance with the recent amendments to the workers' compensation law, this Court finds that it is without jurisdiction to hear an appeal from a temporary or partial award of the Commission.

The appeal is dismissed.

LYNCH, C.J., BARNEY, P.J., concur.