Brenda BOLEN, Respondent,

v.

ORCHARD FARM R–V SCHOOL DISTRICT and Missouri United School Insurance Council, Appellants.

No. ED 92007.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 9, 2009.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 3, 2009.

Application for Transfer Denied Oct. 6, 2009.

---

1. Missouri Supreme Court Rules of Civil Procedure (2009).

Mary Anne Lindsey, St. Louis, MO, for Appellant.

Lynn D. Barnett, St. Louis, MO, for Respondent.

ROBERT G. DOWD, JR., Presiding Judge.

Orchard Farm R–V School District ("Employer") appeals from the temporary or partial award of the Labor and Industrial Relations Commission ("the Commission") in favor of Brenda Bolen ("Employee") on her workers' compensation claim against them for an injury to her right knee. Employer claims the Commission erred in awarding Employee workers' compensation benefits because Employee failed to provide Employer with timely notice of her right knee injury. We dismiss Employer's appeal.

On August 23, 2006, Employee, a custodian for Employer, received a radio call and as she turned to walk away, her right foot got caught by the wheels of a cart and she twisted her right knee. Employee did not notify her supervisor, Diana Stout ("Stout"), of her injury until thirty-six days after the accident, and Employee requested to see a workers' compensation doctor at that time. Employer denied her request because she had reported the injury too late [1].

Employee subsequently filed a claim for workers' compensation in which she stated she sustained a compensable injury while in the course and scope of her employment when she twisted her knee and almost fell. Employee alleged her knee injury might require surgery and will result in permanent disability.

After concluding that the lack of timely notice did not prejudice employer, the administrative law judge ("the ALJ") entered a temporary or partial award and made findings of fact and conclusions of law. The ALJ found Employee did not seek medical help and the condition of her knee did not change between August 23, 2006, the date of the injury, and September 28, 2006, the date Employee reported the injury. The ALJ also found, relying on the testimony of Employee's supervisor, Stout, that the timing of notice, as given by Employee, did not result in prejudice to Employer. The ALJ also found Employee's testimony regarding the August 23, 2006 accident was credible, and no contradictory evidence was given. The ALJ awarded temporary total disability in the amount of $6,456.87.

Employer then filed an application for review, arguing the ALJ erred in finding

1. Section 487.420 provides, in pertinent part: "No proceedings for compensation for any accident under this chapter shall be maintained unless written notice of the time, place and nature of the injury, and the name and address of the person injured, has been given to the employer no later than *thirty days* after the accident, unless the employer was not prejudiced by failure to receive the notice" (Emphasis added.).

Employer received proper notice of the injury in contravention of Sections 287.420 and 287.800 RSMo Cum.Supp.2006 [2] and in finding Employer was not prejudiced by the lack of timely notice of injury.

The Commission affirmed and adopted the ALJ's award after finding it was supported by competent and substantial evidence. The Commission also noted its award was only temporary or partial and was kept open until a final award could be made. This appeal follows.

 We have a duty to determine *sua sponte* whether we have jurisdiction to hear an appeal. *Norman v. Phelps County Regional Medical Center,* 256 S.W.3d 202, 204 (Mo.App. S.D.2008). In *Norman,* our colleagues in the Southern District held that appellate courts are without jurisdiction to review temporary or partial awards issued pursuant to Section 287.510. *Id.* at 205.

Section 287.510 provides that:

In any case a temporary or partial award of compensation may be made, and the same may be modified from time to time to meet the needs of the case, and the same may be kept open until a final award can be made, and if the same be not complied with, the amount equal to the value of compensation ordered and unpaid may be doubled in the final award, if the final award shall be in accordance with the temporary or partial award.

Section 287.495, the statutory source for appellate jurisdiction to review decisions issued under the Act, grants this court the ability to review final decisions of the Commission. *Norman,* 256 S.W.3d at 204. Before the Act's 2005 amendments, we had created two exceptions to the rule that only final awards are appealable. *Id.* The

first exception was where an award designated as "temporary or partial" was not entered pursuant to section 287.510, but instead was an award of permanent total disability made pursuant to section 287.200.2. *Schwarzen v. Harrah's St. Louis Riverport,* 72 S.W.3d 223, 224 (Mo. App. E.D.2002). The second exception, which is at issue in this case, allowed for appellate jurisdiction to review a temporary or partial award where an employer claimed it was not liable for paying *any* compensation. *Id.*

While the 2005 amendments did not include specific changes to section 287.510, the section providing for temporary or partial awards, or to section 287.495, the statutory source for appellate jurisdiction, the amendments did change the rules of construction regarding the provisions of the Workers' Compensation Act. Section 287.800 now provides that "any reviewing courts shall construe the provisions of this chapter strictly." In *Norman,* the court found "that an application of the prior judicially-created exception would be in violation of the clear legislative intent to limit appellate review of the Commission awards to final awards." 256 S.W.3d at 205. Thus, the court held that appellate courts are without jurisdiction to review appeals from temporary or partial awards of the Commission. *Id.*

Similarly, in *Smalley v. Landmark Erectors,* ED91861, 291 S.W.3d 737, 2009 WL 1118822 (Mo.App. E.D. April 28, 2009), we found, relying on the reasoning in *Norman,* that Section 287.495 was the statutory source for appellate jurisdiction to review decisions issued under the Workers' Compensation Act and that it only allowed for review of final awards of the Commission. In *Smalley,* the appeal was from a temporary or partial award of the

---

**2.** All statutory references are to RSMo Cum. Supp.2006 unless otherwise indicated. Employee's injury occurred on August 23, 2006, after the 2005 amendments to the Act went into effect.

Commission, and as a result, we dismissed the appeal for lack of jurisdiction. *Id.*

Here, Employer claims we do have jurisdiction to review temporary or partial awards of the Commission based on 8 CSR 20–3.040, which provides:

(1) Whenever an administrative law judge issues a temporary or partial award under section 287.510, RSMo, the same shall not be considered to be a final award from which an application for review (see 8 CSR 20–3.030) may be made. The time for making an application for review shall not commence until a final award is issued by the administrative law judge in cases where a temporary or partial award has been issued.

(2) Any party who feels aggrieved by the issuance of a temporary or partial award by any administrative law judge may petition the commission to review the evidence upon the ground that the applicant is not liable for the payment of any compensation and especially setting forth the grounds for the basis of that contention and where the evidence fails to support findings of the administrative law judge as to liability for the payment of compensation. The commission will not consider applications or petitions for the review of temporary or partial awards where the only contention is as to the extent or duration of the disability of the employee for the reason that the administrative law judge has not made a final award and determination of the extent or duration of disability.

Employer claims 8 CSR 20–3.040 expressly permits review of temporary or partial awards on the issue of liability and that it has the effect of a statute and is binding on the courts.

However, in *Remelius v. McCarthy Bros. Co.*, 28 S.W.3d 491, 492 (Mo.App. E.D.2000), the employer appealed the order of the Commission dismissing its application for review of an ALJ's temporary or partial award of workers' compensation to the employee pursuant to Commission Rule 8 CSR 20–3.040, and we dismissed the appeal for lack of jurisdiction. In dismissing the appeal, we noted we have no appellate jurisdiction in workers' compensation cases except as expressly conferred by statute. *Id.* Section 287.495 confers upon this court appellate jurisdiction over final awards of the Commission. *Id.* at 493; Section 287.495. No statute extends appellate jurisdiction to an appeal of a nonfinal Commission order entering a temporary or partial award. *See Remelius*, 28 S.W.3d at 493. Without such statutory authority, we have no jurisdiction to review the Commission's decision. *Id.* This is because appellate jurisdiction is limited to that provided in the Missouri Constitution and statutes.[3] *Id.*

Employer argues further that the second sentence of Section 287.495 confers jurisdiction upon appellate courts to review appeals from temporary or partial awards of the Commission. Section 287.495 pro-

---

**3.** We recognize that *Remelius* did not deal with a situation where Employer denied all liability, which fits within one of the traditional exceptions to the general rule against review of temporary or partial awards. However, in *Norman* and *Smalley*, this exception was found to be in violation of the clear legislative intent to limit appellate review of the Commission awards to final awards. *Norman*, 256 S.W.3d at 205; *Smalley*, ED91861, 291 S.W.3d 737, 2009 WL 1118822

(Mo.App. E.D. April 28, 2009). Therefore, the reasoning of *Remelius*, in particular the holding that our jurisdiction is limited to that provided in the Missouri Constitution and statutes, is equally applicable in this case. We agree with the analysis in both *Norman* and *Smalley* that we do not have jurisdiction to review temporary or partial awards even in cases where all liability is denied. Further, the existence of 8 CSR 20–3.040 does not change that holding because our jurisdiction is limited to that provided in the Missouri

vides, in pertinent part: "The final award of the commission shall be conclusive and binding unless either party to the dispute shall, within thirty days from the date of the final award, appeal the award to the appellate court. The appellate court shall have jurisdiction to review all decisions of the commission pursuant to this chapter where the division has original jurisdiction over the case."

The primary rule of statutory construction is to determine the intent of the legislature from the language used by considering the plain and ordinary meaning of the words used in the statute. *State ex rel. Vincent v. D.C., Inc.*, 265 S.W.3d 303, 306 (Mo.App. E.D.2008). Where the language of a statute is unambiguous and clear, this court will give effect to the language as written, and will not engage in statutory construction. *Id.* We presume that the legislature intended that each word, clause, sentence, and provision of a statute have effect and should be given meaning. *Id.* In determining the intent and meaning of statutory language, the words must be considered in context and sections of the statutes in pari materia, as well as cognate sections, must be considered in order to arrive at the true meaning and scope of the words. *State ex rel. Evans v. Brown Builders Elec. Co., Inc.*, 254 S.W.3d 31, 35 (Mo. banc 2008). We must construe provisions of the entire legislative act together and, to the extent reasonably possible, harmonize all provisions. *Geary v. Missouri State Employees' Retirement System*, 878 S.W.2d 918, 922 (Mo.App. W.D.1994). Furthermore, related clauses must be considered when construing a particular portion of a statute. *Id.*

Keeping in mind these rules of construction, we note Section 287.510 only allows temporary or partial awards to be made,

but does not provide us with appellate jurisdiction to review them. On the other hand, Section 287.495, which deals with final awards, provides for appellate jurisdiction. Thus, in harmonizing the Act, we cannot find appellate jurisdiction for temporary or partial awards in Section 287.495, a provision dealing with final awards, when such appellate jurisdiction is not mentioned in the provisions dealing with temporary or partial awards, Section 287.510. *See Norman*, 256 S.W.3d at 204–05. Therefore, we find we do not have jurisdiction to review temporary or partial awards.

This is an appeal from a temporary or partial award of the Commission. Accordingly, we must dismiss this appeal for lack of jurisdiction.

The appeal is dismissed.

CLIFFORD H. AHRENS, J. and SHERRI B. SULLIVAN, J., concur.

Constitution and in statutes; it cannot be

extended by a regulation.