Maria WHITE, Respondent,

v.

ANDERSSEN MOBILE X–RAY SERVICE, Appellant.

No. ED 98181.

Missouri Court of Appeals,
Eastern District,
Division Four.

Dec. 18, 2012.

Dale M. Weppner, Eric K. Eickmeyer, St. Louis, MO, for appellant.

Mark R. Bahn, Fenton, MO, for respondent.

LAWRENCE E. MOONEY, Presiding Judge.

The employer, Anderssen Mobile X–Ray Service, L.L.C., appeals the temporary or partial award of the Labor and Industrial Relations Commission wherein the Commission determined that the motor-vehicle accident involving the claimant, Maria White, arose out of and in the course of the claimant's employment, and that section 287.020.5 RSMo. (Supp.2011)[1] does not bar compensation. The incident in question occurred after the 2005 amendments to the workers' compensation law. Under these constraints, we conclude that we are without jurisdiction to review the Commission's temporary or partial award, and we must dismiss the appeal.

The claimant worked as a staff technologist, and drove a minivan provided by the employer. She carried x-ray equipment in the minivan, and drove to each patient's location to take ordered x-rays for the patient. The claimant and the employer had a written agreement whereby the claimant was to begin her shift at the employer's office at 3:00 p.m. The agreement then expressly provided, however, that the claimant's "start time will be 30 minutes prior to arrival in the office." The claimant and her former supervisor testi-

---

1. All statutory references are to RSMo. (Supp. 2011) except as otherwise indicated.

fied that they understood the agreement to mean that the claimant was to call the office thirty minutes prior to her anticipated arrival at 3:00 p.m., and the dispatcher would let her know whether she should proceed to the office or proceed to a patient assignment to take x-rays.

On March 2, 2010, the claimant was driving to work in the employer's van. At 2:30 p.m. she called her employer's office, and the dispatcher told the claimant that the employer had no patient assignments for her at that time and that she should report to the employer's office. At about 2:55 p.m., a few blocks from the employer's office, another vehicle struck the rear of the van the claimant was driving. The employer acknowledged at oral argument that the claimant was on duty at the time of the accident. The claimant filed a claim for compensation, alleging injury to her neck, lower back, and left shoulder as a result of the March 2, 2010 motor vehicle accident.

As stipulated by the parties, the Administrative Law Judge (ALJ) held a hearing solely on the issue of whether the claimant's injury arose out of and in the course of her employment, or whether section 287.020.5 bars compensation.[2] The ALJ determined that the claimant's accident arose out of and occurred in the course of her employment because "[s]he was not simply driving from her home to [e]mployer's place of business. She was already working and fulfilling her job duties at the time of her accident."

The Commission affirmed and supplemented the ALJ's decision. In a 2–1 decision, the Commission concluded that the claimant was not injured while traveling from her home to the employer's principal place of business, but instead while traveling from her required "call-in" or "check-in" point and the office. The Commission explained that the claimant was not traveling between "work and home" but rather between "work and work" when the accident occurred. The employer appeals.

■ The employer characterizes the Commission's award as a final award, but it is not. The Commission designated its award in this case as a temporary or partial award. The Commission expressly stated that the proceedings were continued and held open until a final award could be made, and referenced section 287.510.

■ "We have a duty to determine *sua sponte* whether we have jurisdiction to hear an appeal." *Bolen v. Orchard Farm R–V School Dist.,* 291 S.W.3d 747, 749 (Mo.App. E.D.2009). Section 287.510 provides that:

In any case a temporary or partial award of compensation may be made, and the same may be modified from time to time to meet the needs of the case, and the same may be kept open until a final award can be made, and if the same be not complied with, the amount equal to the value of compensation ordered and unpaid may be doubled in the final award, if the final award shall be in accordance with the temporary or partial award.

2.  Section 287.020.5 provides:
    Injuries sustained in company-owned or subsidized automobiles in accidents that occur while traveling from the employee's home to the employer's principal place of business or from the employer's principal place of business to the employee's home are not compensable. The extension of premises doctrine is abrogated to the extent it extends liability for accidents that occur on property not owned or controlled by the employer even if the accident occurs on customary, approved, permitted, usual or accepted routes used by the employee to get to and from their place of employment.

Section 287.495 RSMo. (2000), the statutory source for appellate jurisdiction to review decisions issued under the Worker's Compensation Act, authorizes an appeal to this Court from a final award of the Commission. *Bolen,* 291 S.W.3d at 749. Before the Act's 2005 amendments, appellate courts created two exceptions to the rule that we could review only final awards. *Smalley v. Landmark Erectors,* 291 S.W.3d 737, 738 (Mo.App. E.D.2009). The first exception allowed reviewing courts to look behind an award's designation as temporary or partial where the award was actually one of permanent total disability. *Bolen,* 291 S.W.3d at 749. The second exception allowed review where, as here, an employer claimed it had no liability for paying any compensation whatsoever. *Id.*

The 2005 amendments altered neither the Commission's authority to enter temporary or partial awards pursuant to section 287.510 nor appellate jurisdiction pursuant to section 287.495. The amendments did, however, change the rules of construction for all provisions of the Act. Section 287.800 now provides that "any reviewing courts shall construe the provisions of this chapter strictly."

In *Norman v. Phelps County Regional Med. Ctr.,* the Southern District declined to apply the exception where an employer disclaimed all liability for paying compensation. 256 S.W.3d 202, 205 (Mo.App. S.D. 2008). The *Norman* Court concluded that application of the prior judicially-created exception would violate the clear legislative intent to limit appellate review of Commission awards to final awards. *Id.* Thus, the *Norman* Court determined that it lacked jurisdiction to review an appeal from the Commission's temporary or partial award. *Id.* Similarly, in *Smalley v. Landmark Erectors,* this District relied on *Norman*'s reasoning, and dismissed the appeal for lack of jurisdiction. 291 S.W.3d at 739.

This is an appeal from the Commission's temporary or partial award. While we recognize that limiting appellate jurisdiction to appeals from final awards of the Commission may present a problem for an employer who disclaims all liability for a particular claim, we must follow the precedent of *Smalley* and *Norman.* Accordingly, we dismiss the appeal.

PATRICIA L. COHEN and KURT S. ODENWALD, JJ., concur.