Larry WILLIAMS, Respondent,

v.

TYSON FOODS INC. and Tyson Poultry, Inc., Appellants.

WD 80267

Missouri Court of Appeals,
Western District.

OPINION FILED: June 27, 2017

Application for Transfer to Supreme Court Denied October 31, 2017

Corey Jackson, Columbia, for respondent.

Matthew Murphy, Columbia, for appellants.

Before Division Three: Anthony Rex Gabbert, Presiding Judge, Victor Howard, Judge, Cynthia L. Martin, Judge

Anthony Rex Gabbert, Judge

Tyson Foods, Inc. and Tyson Poultry, Inc. ("Employer") appeal from a temporary or partial award issued by the Labor and Industrial Relations Commission ("the Commission"). Employer claims the Commission erred, because sufficient competent and substantial evidence did not support the award, which was against the overwhelming weight of the evidence. Because we lack statutory authority to review temporary or partial awards, we dismiss.[1]

## Background

In August 2015, Mr. Williams suffered foot injuries while working at Tyson Poultry as a jack driver, which required him to walk or stand for hours behind a machine retrieving pallets. Williams reported these injuries to Employer in September 2015 and filed a claim for compensation two months later. In July 2016, an administrative law judge ("ALJ") awarded Williams temporary total disability benefits and medical treatment as needed. The Commission affirmed the ALJ's award in November 2016.

## Analysis

■ Before reviewing the merits of a case, we first determine whether this Court has appellate jurisdiction. Though neither party raises jurisdictional concerns, "before we can address the merits of an appeal, [we] ha[ve] a duty to determine *sua sponte* whether we have jurisdiction to review the appeal." *Wunderlich v. Wunderlich*, 505 S.W.3d 434, 436 (Mo. App. 2016) (internal citations and quotes omitted). "If this [c]ourt lacks jurisdiction to entertain an appeal, the appeal must be dismissed." *Id.*

■ Appellate review of workers' compensation cases requires express statutory authorization. *Smith v. Semo Tank & Supply Co.*, 99 S.W.3d 11, 13 (Mo. App. 2002) (citation omitted). Section 287.495.1

---

1. Respondent filed a Motion to Dismiss on June 5, 2017. Appellants filed their response on June 6, 2017. The Motion to Dismiss is rendered moot by this opinion. Respondent's Motion for Attorney's Fees, filed in conjunction with the Motion to Dismiss, is hereby denied.

authorizes appellate review of a "final award."[2] *Id.*

A final award is one which disposes of the entire controversy between the parties to the claim. Finality is found when the commission arrives at a terminal, complete resolution of the case before it. An order lacks finality where it remains tentative, provisional, contingent subject to recall, revision or reconsideration by the commission."

*Id.* Because temporary or partial awards are not final, courts consistently have held they lack appellate authority to review them. *Jackson v. Stahl Specialty Co.*, 310 S.W.3d 707, 710 (Mo. App. 2010) (citations omitted).

■ The present case is a temporary or partial award. First, the Commission's award notice designates the award as "temporary or partial" and references Section 287.510, which authorizes the making of temporary or partial awards. Second, the ALJ and the Commission recite the same language to explain the award "is only temporary or partial, is subject to further order, and the proceedings are hereby continued and the case kept open until a final award can be made." Third, even Employer's Appellant Brief recognizes "[t]his is an appeal of a temporary award," which is "subject to the introduction of additional evidence at an eventual final award." Both the Commission and Employer understand the award has not been finalized.

■ Nevertheless, Courts recognize two exceptions to the general rule against appellate review of temporary or partial awards.[3] Neither applies here. The first exception concerns awards not made pursuant to Section 287.510. *Korte v. Fry-Wagner Moving & Storage Co.*, 922 S.W.2d 395, 398 (1996). This award was made pursuant to Section 287.510. The second exception allows review "when an employer claims it is not liable for paying any compensation." *Korte*, 922 S.W.2d at 398. Examples of relevant liability issues include notice and whether an employee's injuries are work-related. *Id.* This exception does not exist "where the only contention is as to the extent or duration of the disability of the employee for the reason that the administrative law judge has not made a final award in determination of the extent or duration of disability." *Woodburn v. May Distributing Co., Inc.*, 815 S.W.2d 477, 481 (Mo. App. 1991) (*overruled on other grounds by Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220, 223 (Mo. App. 2003). Because Employer's appeal turns on the sufficiency of evidence demonstrating total disability, it does not meet the second exception.

### Conclusion

For the foregoing reasons, we conclude the Commission's award is not final and thus not subject to appellate review. Employer's appeal is accordingly dismissed.

All concur.

---

**2.** All statutory references are to RSMo 2000 (supplemented through January 1, 2017), unless otherwise noted.

**3.** We recognize that our colleagues in the Eastern and Southern Districts no longer recognize these exceptions, given the strict construction the statute now requires. See *Norman v. Phelps County Regional Medical Center*, 256 S.W.3d 202, 204 (Mo. App. 2008); *Bolen v. Orchard Farm R-V School Dist.*, 291 S.W.3d 747, 751 (Mo. App. 2009). We need not decide that question, for even if the two exceptions remain viable, they are inapplicable here.