DON E. BURRELL, J.
Phoenix Home Care, Inc. ("Employer") is attempting to appeal the decision of the Labor and Industrial Relations Commission ("Commission") confirming an administrative law judge's "AMENDED TEMPORARY AWARD " of workers' compensation "temporary total disability" benefits to Lisa Leech ("Claimant").[1] In its request to the Commission for review, Employer emphasized that it is denying all liability.
Claimant filed a motion to dismiss the appeal on the ground that no statutory authority allows this Court to review an award of temporary or partial benefits. Because the prior decisions of this court support that assertion, we grant Claimant's motion and dismiss the appeal.
Analysis
The authority to grant an award of temporary or partial benefits is set forth in section 287.510,[2] which states:
In any case a temporary or partial award of compensation may be made, and the same may be modified from time to time to meet the needs of the case, and the same may be kept open until a final award can be made, and if the same be not complied with, the amount equal to the value of compensation ordered and unpaid may be doubled in the final award, if the final award shall be in accordance with the temporary or partial award.
Here, the parties agreed, and the Commission found, that the instant award was made pursuant to section 287.510. In workers' compensation cases, the right to appeal springs from section 287.495, which authorizes appeals from a final award of the Commission. Korte v. Fry-Wagner Moving & Storage Co. , 922 S.W.2d 395, 397 (Mo. App. E.D. 1996). There is no statutory authority for an appeal from a temporary or partial award made pursuant to section 287.510. Abrams v. Ohio Pac. Express , 819 S.W.2d 338, 343 (Mo. banc 1991) ; Norman v. Phelps Cty. Reg'l Med. Ctr. , 256 S.W.3d 202, 205 (Mo. App. S.D. 2008).
In affirming Employer's liability, the Commission specifically found that the award was only "temporary" and "subject *574 to further order[.]" Moreover, the proceedings were "kept open until a final award [could] be made." "Pursuant to section 287.495, a 'final award' is one which disposes of the entire controversy between the parties." Edwards v. Zweifel , 498 S.W.3d 860, 862 (Mo. App. E.D. 2016). All three districts of this court have held that an order lacks finality when it remains tentative, provisional, or contingent, subject to recall, revision, or reconsideration by the Commission.[3] Williams v. Tyson Foods, Inc. , 530 S.W.3d 522, 524 (Mo. App. W.D. 2017) ; Norman , 256 S.W.3d at 203-04 ; Petelik v. Motor Control Specialists , 190 S.W.3d 517, 520 (Mo. App. E.D. 2006).
Employer recognizes Norman and Bolen v. Orchard Farm R-V School District , 291 S.W.3d 747 (Mo. App. E.D. 2009), in its suggestions opposing Claimant's motion to dismiss the appeal, but it argues that these cases were wrongly decided. In its reply brief, Employer argues that
[w]hile [section] 287.495.1 does discuss final Awards becoming conclusive, the term final Award is clearly and intentionally absent from the next sentence in which the legislature grants the appellate court jurisdiction to review "all decisions of the Commission pursuant to this chapter where the Division has original jurisdiction over the case."
This precise argument was directly rejected in Bolen , 291 S.W.3d at 750-51.[4]
Employer also cites tit. 8 C.S.R., section 20-3.040, which provides that an aggrieved party may apply to the Commission for review of a temporary or partial award "upon the ground that the applicant is not liable for payment of any compensation[.]" In Employer's view, this regulation "clearly anticipate[s] a temporary or partial Award being appealed if any party feels aggrieved by the actions of the administrative law judge in the instance in which they believe they are not liable for the payment of any compensation." The claim that this regulation "expressly permits review of temporary or partial awards on the issue of liability" was also rejected in Bolen , 291 S.W.3d at 750. More importantly, the reliance upon any administrative regulation is futile as "the scope of appellate review [is limited] to that which is strictly granted by statute[.]" Norman , 256 S.W.3d at 205.
Sections 287.495 and 287.510 do not authorize this court to review a temporary award. The appeal is dismissed.
*575 MARY W. SHEFFIELD, P.J.-CONCURS
GARY W. LYNCH, J.-CONCURS

In its decision, the Commission specifically noted that the "award is only temporary or partial, is subject to further order and the proceedings are hereby continued and kept open until a final award can be made."

Unless otherwise indicated, all statutory references are to RSMo 2016.

In workers' compensation cases, Missouri has adopted a definition of "finality," in part, from federal case law first appearing in National Treasury Employees Union v. Federal Labor Relations Auth. , 712 F.2d 669, 671 (D.C. Cir. 1983).

Claimant has asked us to impose sanctions against Employer for bringing a frivolous appeal. We deny the request because Employer has made a good-faith effort in seeking a reexamination of this court's prior precedent on the matter. For instance, Employer points to a recent decision from the Western District that notes two "exceptions" to the final award requirement of section 287.495 that may still be viable after Bolen and Norman . Williams , 530 S.W.3d at 524 n.3. Moreover, given that all districts of our court have adopted the federal definition of finality, it is not unreasonable to argue that the Commission has created a final order by severing a single issue (employer liability) and granting review of that issue as it would in any challenge to a final award. See e.g., F.T.C. v. Standard Oil Co. of Cal. , 449 U.S. 232, 239-40, 101 S.Ct. 488, 66 L.Ed.2d 416 (1980) (federal courts take a pragmatic, flexible view of finality); see also, Woodburn v. May Distrib. Co. , 815 S.W.2d 477, 480-81 (Mo. App. S.D. 1991) (overruled on other grounds by Hampton v. Big Boy Steel Erection , 121 S.W.3d 220, 229 (Mo. banc 2003) ) (noting that a ruling on employer liability was a final determination and was thus appealable as a final award per section 287.495).