Gary D. Witt, Judge
AB Electrical, Inc. ("Employer") appeals the Temporary Award of the Labor and Industrial Relations Commission (the "Commission"), which awarded Joseph Franklin ("Franklin") certain worker's compensation benefits arising out of injuries he sustained as a result of a work related accident while working for Employer. Employer raises two claims of error. We dismiss the appeal.
Procedural and Factual Background
On December 7, 2015, Franklin, within the scope of his employment with Employer, was working on a scaffolding performing plaster work when, for unknown reasons, Franklin fell from the scaffolding suffering injuries to his head, neck, and back. A co-worker of Franklin's, Mike Mayabb ("Mayabb") was on site at the time but not on the scaffold as he had gotten down to get more plaster. There were no safety railings on the scaffolding and neither employee was wearing a safety harness. Franklin was transported to the hospital where he was diagnosed with "a subdural hematoma with features of basal skull fracture and a comminuted fracture of the occipital bone and features of cerebral edema." He underwent left craniotomy surgery to remove a portion of his skull to relieve pressure from the swelling. His medical records indicate he was "very critical and [he] has a very poor prognosis." As part of his diagnosis and treatment the medical staff conducted a drug test of his urine, which showed that Franklin *40 had THC in his system which he had ingested at some point prior to his fall.
Franklin sought coverage for his injuries through The Worker's Compensation Law.[1] A hearing on temporary benefits was held before an Administrative Law Judge ("ALJ") on August 18, 2016. Employer contended that Franklin had smoked marijuana on the job site and impairment from the drug was the proximate cause of Franklin's fall and injuries resulting in a forfeiture of benefits or penalty under section 287.120.6. Franklin argued that, although he had no memory from the day of the accident, he would not have used marijuana before work or at work. Further, Franklin argues that the drug test was a screening test not a confirmatory test and therefore scientifically insufficient to establish when the marijuana was consumed or to establish that the THC in his system would have impaired him.
Mayabb testified that he saw Franklin take two hits of marijuana off of a pipe in the parking lot of the job site around 9 a.m. on the day of the accident. The accident occurred around 3 p.m.
The ALJ found that Franklin used marijuana in violation of Employer's policy on drug use and that Franklin's drug use was the proximate cause of his injury. The ALJ therefore concluded that, pursuant to section 287.120.6(2), the employee forfeited any benefits he would have been entitled to under The Worker's Compensation Law, including the cost of medical treatment. Franklin appealed the ALJ's decision to the Commission.
Paul Cary ("Cary"), a forensic toxicologist testified that the urine test administered to Franklin was a screening test and is a qualitative study not a quantitative test. The screen performed on Franklin's urine detects carboxy THC, a metabolite or breakdown product of Delta 9 THC. Carboxy metabolites are physiologically inactive and have no relationship to concentration of THC in the blood. The test would only establish that marijuana was ingested sometime in the prior ten days. He testified that in his scientific opinion any conclusion from this test that Franklin was impaired by ingestion of marijuana at the time of the accident would be mere speculation and that any attempt to reach such a conclusion based on the urine test in this case would be "inappropriate and without scientific foundation."
Employer's expert Christopher Long ("Long"), a forensic toxicologist, testified that it was his opinion that Franklin was impaired based on the urine test and the testimony of Mayabb that he witnessed Franklin smoke marijuana prior to the accident. On cross examination he acknowledged that the urine screen, in and of itself, cannot be used to determine impairment. The urine screen in this case tested for carboxy THC which is pharmacologically inactive and has absolutely no effect on humans. The THC detected by this test could have been ingested up to a week prior to the test. He also acknowledged that he had previously testified under oath in another matter that ingestion of marijuana would not result in impairment five hours after its ingestion unless "someone had a Rastafarian-type stogie."
The Commission reversed the ALJ's award and decision, finding that Employer did not meet its burden of proving by competent and substantial evidence that Franklin violated Employer's substance abuse policy by ingesting a non-prescribed controlled substance in the workplace or *41 that the THC in his system was the proximate cause of his injuries. The Commission found Mayabb's testimony that he saw Franklin smoke marijuana at the job site prior to the accident not to be credible, noting that his testimony in this regard was "laden with inconsistencies." The Commission found credible Mayabb's testimony that he worked next to Franklin throughout the day and saw no signs that he was intoxicated or impaired in any way. The Commission found the evidence insufficient to establish that Franklin's "injury was either sustained in conjunction with, or proximately caused by his use of any unlawful or controlled drug at work." The Commission concluded that the award was not subject to the penalty or forfeiture provisions of section 287.120.6.
The Commission awarded Franklin temporary total disability benefits and ordered Employer to pay past medical expenses arising from this injury. The award provided that Employer is to be responsible for future medical treatments as necessary and deemed the award "temporary or partial" and left the matter open until a final award is issued.
This appeal followed.
Discussion
We must begin by determining whether this Court has the statutory authority to review this appeal. "Appellate review of workers' compensation cases requires express statutory authorization." Williams v. Tyson Foods Inc. , 530 S.W.3d 522, 523 (Mo. App. W.D. 2017). Section 287.495.1 only authorizes appellate review of a "final award." Id.
A final award is one which disposes of the entire controversy between the parties to the claim. Finality is found when the commission arrives at a terminal, complete resolution of the case before it. An order lacks finality where it remains tentative, provisional, contingent subject to recall, revision or reconsideration by the commission.
Smith v. Semo Tank & Supply Co. , 99 S.W.3d 11, 13 (Mo. App. E.D. 2002) (internal citations omitted).
The Commission titled its judgment "Temporary Award Allowing Compensation." The Commission noted:
This award is only temporary or partial. It is subject to further order, and the proceedings are hereby continued and kept open until a final award can be made. All parties should be aware of the provisions of § 287.510 RSMo.
Employer argues that this appeal is still permitted under a judicially created exception to the general rule of finality in temporary worker's compensation awards.
To review this case we need to trace the origins of the allowances and limitations of the right to appeal temporary or partial awards under the Worker's Compensation Law. Prior to 1987, there was substantial case law which noted that no statutory authority exists for judicial review of temporary or partial awards made pursuant to section 287.510[2] and its statutory predecessors. State ex rel. Faris v. Eversole , 332 S.W.2d 879 (Mo. banc 1960) ; State ex rel. Prescott Laundry Co. v. Mo. Workmen's Comp. Comm'n , 320 Mo. 1156, 10 S.W.2d 916 (Mo. banc 1928) ; Boatner v. Slusher, Inc. , 614 S.W.2d 35 (Mo. App. S.D. 1981) ; State ex rel. New Amsterdam Cas. Co. v. Richardson , 61 S.W.2d 409 (Mo. App. 1933). A final award for the purposes of section 287.490.1 is "one which fully disposes of the entire controversy between the *42 parties[.]" State ex rel. Faris , 332 S.W.2d at 881.
In 1987, the Southern District of this court was faced with the review of a temporary award of permanent total disability for an employee. Smith v. Ozark Lead Co. , 741 S.W.2d 802, 808-10 (Mo. App. S.D. 1987), overruled on other grounds by Hampton v. Big Boy Steel Erection , 121 S.W.3d 220 (Mo. banc 2003). In Smith , the questions regarding disability and right to compensation had been finally decided eleven years prior. Id. at 803-04. The parties were in agreement that the claimant was entitled to compensation and allowance for nursing care, the sole dispute was as to the amount due for the required nursing care. Id. at 807 The Court found that the only reason that the award was not final, and thus unappealable, was because the award was subject to future modification based on future disputes regarding the ongoing medical expenses. Id. at 810. Thus, the Court found that the award was subject to appellate review because "the Commission's award fully disposes of the entire controversy that existed between the parties as of the date of the award." Id. at 811.
Agreeing with the analysis in Smith , the Missouri Supreme Court overruled prior precedent and found appellate authority to review claims of permanent total disability because, despite being denominated temporary, they were, in fact in the nature of final decisions. Abrams v. Ohio Pacific Exp. , 819 S.W.2d 338, 343 (Mo. banc 1991), overruled on other grounds by Hampton , 121 S.W.3d 220. In Abrams , again faced with a case of an award of permanent total disability requiring payments for disability and related medical expenses for the remainder of the claimant's lifetime pursuant to section 287.200.2,[3] the Supreme Court found that, despite how they were denominated, these "temporary awards" should be considered final for the purposes of appeal. The Supreme Court noted: "It would seem to be preferable for the Division of Workers Compensation to develop a new form that would not have the misleading effect of implying that the award is not final." Id. Essentially, the Supreme Court determined that, despite how it was denominated, an award pursuant to section 287.200.2[4] of permanent total disability constitutes a final judgment for purposes of appeal. The rationale for this holding was that an award of permanent total disability results in compensation and related medical expenses for the lifetime of the employee, therefore absent this exception, no award of permanent total disability benefits would ever be subject to appellate review until after the death of the employee, as the award would never become final until that point in time.
The second recognized exception to the general rule against the authority to appeal a temporary judgment was judicially established in 1991. The Southern District of this court was asked to consider the appeal by an employer who alleged that it had no liability for the employee's injuries despite a temporary award which was entered by the Commission. Scott v. Edwards Transp. Co. , Nos. 16543, 16544, 1990 WL 80015 (Mo. App. S.D. 1990), transferred Scott v. Edwards Transp. Co., 807 S.W.2d 75 (Mo. banc 1991).[5] The *43 Southern District opinion in Scott was silent as to why the award was temporary in nature or whether the award was issued pursuant to section 287.200.2[6] or a different provision of the law. The Southern District Scott court, however, determined that it had the authority to review the temporary award for two reasons. First, it found that under Smith "appellate review on the issue of liability is permissible although an award is denominated 'temporary or partial.' " Slip opinion Id. at *1, n.1. We note, this rational ignores the key distinction that Smith -and Abrams -involved awards of permanent total disability entered pursuant to section 287.200. Those awards were deemed temporary solely because they remained open for the limited purpose of determining modifications based on related future medical treatment and costs. The Southern District slip opinion in Scott is silent as to why the award in that case was determined to be temporary or the rational for why it should be subject to appellate review. Second, the Southern District slip opinion in Scott determined that the court had authority to review determinations of employer liability in a temporary award under Missouri Code of State Regulations Title 8 section 20-3.040(2) (1975). Id. at *1, n.1. The Court found that, under the regulation, the Commission had the ability to review awards of the ALJ where benefits were granted but the employer disputed that they had liability for the injury. Id. This holding ignored the fact that the regulation specifically grants only the Commission the right to review a temporary award and gives no such authority for further review to the appellate courts.
Regardless of the rationale given for authority to hear the appeal, the Missouri Supreme Court took transfer of the case and decided it on its merits without discussion or even reference to the question of the court's authority to consider the appeal of a temporary award. The Southern District of this court subsequently found that because the Supreme Court had addressed the merits of the claim in Scott it implicitly accepted the newly created exception to appellate court review of temporary awards. Woodburn v. May Distrib. Co. , 815 S.W.2d 477, 481 (Mo. App. S.D. 1991), overruled on other grounds by Hampton , 121 S.W.3d 220. The Court in Woodburn considered the appeal of a temporary total disability award-as opposed to the determination of permanent total disability at issue in Smith and Abrams . Thus, there became a new exception to the finality rule that allowed the question of an employer's liability to be appealed prior to the award of a final judgment regardless of the application of section 287.200, permanent total disability.[7] It is this second exception that *44 is at issue before us because we are asked to review the award of temporary total disability as opposed to an award of permanent total disability.[8]
In 2005, the Missouri legislature amended the Worker's Compensation Law. "The 2005 amendments altered neither the Commission's authority to enter temporary or partial awards pursuant to section 287.510 nor appellate jurisdiction pursuant to section 287.495." White v. Anderssen Mobile X-Ray Serv. , 389 S.W.3d 222, 224 (Mo. App. E.D. 2012). "The amendments did, however, change the rules of construction for all provisions of the Act. Section 287.800 now provides that 'any reviewing courts shall construe the provisions of this chapter strictly.' " Id. In 2008, the Southern District of this court found that this change in the way in which courts are to interpret the chapter as a whole effectively eliminated the existing judicially created exceptions discussed herein. Norman v. Phelps Cty. Reg'l Med. Ctr. , 256 S.W.3d 202, 205 (Mo. App. S.D. 2008).
In Norman , the court noted that at the time the second exception was judicially created, the Worker's Compensation Law was applied liberally. Id. at 204. Under the clear terms of section 287.495, appellate courts only have the authority to review "final awards." Id. There is no provision of the Worker's Compensation Law that allows for appellate review of a temporary award. Id. at 205. The court then went on to hold that, under the new strict construction of the statute, application of the "prior judicially-created exception would be in violation of the clear legislative intent to limit appellate review of the Commission awards to final awards." Id.
The Eastern District of this court relied on the holding in Norman and, agreeing with its reasoning, also declined to apply the previously recognized exception to finality. White , 389 S.W.3d at 224. This reasoning has been adopted in other cases. Leech v. Phoenix Home Care, Inc. , 547 S.W.3d 572 (Mo. App. S.D. 2018) ; Smalley v. Landmark Erectors , 291 S.W.3d 737 (Mo. App. E.D. 2009) ; Bolen v. Orchard Farm R-V Sch. Dist. , 291 S.W.3d 747 (Mo. App. E.D. 2009).
The Western District has yet to squarely address this issue. We agree with the holdings of the Southern and Eastern Districts that the judicially-created exception to finality for determination of employer liability in temporary total disability awards is not valid. The exception recognized by Smith and Abrams holds that *45 although titled "temporary," awards for permanent total disability made pursuant to section 287.200 are in reality final in nature. Thus, there is statutory authority under section 287.495.1 for appellate courts to review such awards. The same cannot be said for the second exception-allowing for the appeal of employer liability in temporary total disability awards.
The exception recognized in Scott for appellate review of temporary total disability awards was, at best, reached through a liberal interpretation of the Worker's Compensation Law. The exception relied on the application of 8 C.S.R. 20-3.040 (1975). That regulation states:
(1) Whenever an administrative law judge issues a temporary or partial award under section 287.510, RSMo, the same shall not be considered to be a final award from which an application for review ... may be made. The time for making an application for review shall not commence until a final award is issued by the administrative law judge in cases where a temporary or partial award has been issued.
(2) Any party who feels aggrieved by the issuance of a temporary or partial award by any administrative law judge may petition the commission to review the evidence upon the ground that the applicant is not liable for the payment of any compensation and especially setting forth the grounds for the basis of that contention and where the evidence fails to support findings of the administrative law judge as to liability for the payment of compensation. The commission will not consider application or petitions for the review of temporary or partial awards where the only contention is as to the extent or duration of the disability of the employee for the reason that the administrative law judge has made a final award and determination of the extent or duration of disability.
Scott created the exception based on a regulation giving the Commission the right to hear such appeals from an ALJ and the existence of the exception for permanent total disability awards granted pursuant to section 287.200. Neither reasoning remains valid under a strict reading of the Worker's Compensation Law. The regulatory authority of the Commission to review temporary awards grants no authority for further review by the appellate courts.
Further, Smith and Abrams only provide an exception for the appeal of awards of permanent total disability, not temporary awards. Awards of temporary total disability do not have the same finality as do permanent total disability awards. In temporary awards many issues remain unresolved such as, the extent of permanent disability, applicable wage for determining benefits and duration and necessity of medical care remain open and subject to future determination by the ALJ and Commission. "The award is temporary because it is designed to provide compensation during the 'healing period' but not beyond the point where the condition has stabilized or reached maximum progress or where the worker can otherwise return to work." Minnick v. South Metro Fire Prot. Dist. , 926 S.W.2d 906, 909 (Mo. App. W.D. 1996), overruled on other grounds by Hampton , 121 S.W.3d 220. "At the latter point, the extent of any permanent disability can be determined and provided for." Id. When applying the definition of final put forth in Smith v. Semo Tank & Supply Co. , we find that an award of temporary total disability does not "dispose[ ] of the entire controversy between the parties to the claim" as is done in an award of permanent total disability. Smith v. Semo Tank & Supply Co. , 99 S.W.3d at 13.
*46 The Commission has by regulation provided for the limited right to appeal the grant of temporary benefits by an ALJ to the Commission despite that award lacking finality. Bifurcating the appeals process and allowing an appeal of liability for temporary benefits to the Commission and then a later appeal after a determination of the extent of permanent benefits provides certain safeguards for employers. However, there exists no statutory authority for an appeal from the Commission to the appellate court of a temporary award. In fact, the legislature has specifically provided for review by the appellate courts only of a "final award." Section 287.495.1. The legislature granted to the Commission the right to control the processing of worker's compensation claims and the review of awards until such time as those awards are final and subject to review by the appellate courts.
In this case, the award truly is a temporary award. Questions regarding the nature and extent of disability remain unresolved. The structure of the administrative process dictates that the agency be given full opportunity to complete its claims process before it is subject to appellate review by this Court.
The Employer claims that if the legislature intended to abrogate the prior precedent allowing appeals of certain temporary awards, the legislature would have expressly stated such an intent. Employer, in fact, contends that the legislature was required to expressly state its intent to abrogate these cases if it desired to do so. We disagree. "It has always been the duty of the common law court to perceive the import of major legislative innovations and to interweave the new legislative policies with the inherited body of common law principles." O'Grady v. Brown , 654 S.W.2d 904, 908 (Mo. banc 1983). Whether a statute is intended to abrogate earlier case law is determined "by express statement or by implication[.]" Ahern v. P & H, LLC , 254 S.W.3d 129, 133 (Mo. App. E.D. 2008) (discussing interpretation of section 287.020). It is true in O'Grady , that the Supreme Court noted legislative intent to foreclose "traditional judicial activity should require positive expression." O'Grady , 654 S.W.2d at 911 (discussing whether section 537.080 allows for a cause of action for wrongful death of a viable fetus). In this case, however, the change in interpretation does not foreclose judicial activity, it merely prevents such actions from occurring before the completion of the administrative process. The 2005 changes to section 287.800 changing the lens through which the Worker's Compensation Law is viewed from liberal to strict construction was clearly intended by the legislature to modify significant existing case law without the need to list each and every case they believed would be modified or abrogated by the statutory modification. The legislature did not need to single out individual cases where it clearly signaled a significant change in the way courts were to interpret these statutes.
We find that we lack the authority to review a temporary award of the Commission.
Conclusion
For the reasons stated above, we dismiss the appeal for want of a final judgment. We decline to address the merits of Employer's claims.
All concur

287.010 et. seq. All statutory citations are to RSMo 2000 as in effect at the time of Franklin's injury, unless otherwise noted.

Section 287.510 authorizes temporary or partial awards of compensation which may be kept open until a final award is made.

RSMo 1986. The corollary to what is now 287.200.3.

RSMo 1986

The analysis of this issue by the Southern District of this court, which was set forth in its Scott opinion, was superceded by the Supreme Court's acceptance of transfer of that case. However, that analysis was later readopted by the Southern District of this court in Woodburn v. May Distrb. Co. , 815 S.W.2d 477, 481 (Mo. App. S.D. 1991), overruled on other grounds by Hampton , 121 S.W.3d 220. Because the court in Woodburn cited as authority for this proposition its original Scott slip opinion without setting forth the entire analysis contained in that, now nonexistent, slip opinion we restate the basis for their analysis contained within that slip opinion to more fully explain the history of this exception.

RSMo 1986

At oral argument, Employer noted that this exception was recognized and adopted by this Court in Stufflebean v. Crete Carrier Corp. , 895 S.W.2d 115 (Mo. App. W.D. 1995), overruled on other grounds by Hampton , 121 S.W.3d 220. Stufflebean however suffers from the same deficiency as Smith in that the Court does not indicate what type of "temporary" award was being reviewed. The Court notes that a temporary award was granted to Stufflebean but the case is silent as to whether the award was a temporary award for permanent total disability pursuant to section 287.200 or whether it was merely an award of temporary total or temporary partial disability. Although unclear, we agree with Employer that it is a reasonable presumption that this Court intended to adopt the exception to the finality rule based on its stated reliance on Woodburn . Regardless, to the extent that Stufflebean adopted the exception espoused in Woodburn , we now expressly overrule that portion of the decision based on the 2005 Worker's Compensation Law amendments which restricted our lens of review to strict construction of the Worker's Compensation Law.

Section 287.020.6 defines "total disability as the "inability to return to any employment and not merely mean inability to return to the employment in which the employee was engaged at the time of the accident." The purpose of temporary total disability and temporary partial disability awards is to cover the employee's healing or rehabilitation period between the time of the injury and the time the employee is able to return to work or reaches maximum medical improvement following the injury. Section 287.149.1; Cooper v. Med. Ctr. Of Indep. , 955 S.W.2d 570, 575 (Mo. App. W.D. 1997), overruled on other grounds by Hampton , 121 S.W.3d 220. Temporary total disability awards cover the period from the injury until the claimant can return to employment or the medical condition has reached the point of maximum medical progress. Id. Permanent total disability awards arise when the employee's injury is such that the employee has become permanently unemployable on the open labor market and are entitled to benefits through the remainder of the employee's lifetime. Sections 287.020, 287.220; Archer v. City of Cameron, 460 S.W.3d 370, 375 (Mo. App. W.D. 2015).